```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

AMERICAN SOUTHERN HOMES          *
HOLDINGS, LLC and ASH-GRAYHAWK,
LLC,                             *

    Plaintiffs,                  *
                                      CASE NO. 4:21-CV-95 (CDL)
vs.                              *

DAVID B. ERICKSON, *et al.*,     *

    Defendants.                  *

O R D E R

Plaintiffs entered into a contract with Defendants that required Defendants to develop residential lots and make them available for sale to Plaintiffs according to an agreed upon schedule. The pertinent provision in the contract provides as follows: "Starting with the calendar quarter ending on December 31, 2019, Buyer agrees to purchase from Seller the number of Lots set forth on the Lot takedown schedule. . . . The number of Lots shown on the Takedown Schedule represents the minimum number of Lot closings ("Lot Takedowns") that Buyer is required to complete, based on the availability of Finished Lots, during each calendar quarter[.]" Am. Compl. Ex. 2, Land Purchase Agreement § 6, ECF No. 15-2. The Takedown Schedule lists 45 lots for the quarter ending September 30, 2021 and 45 lots for each succeeding quarter. Schedule 1 to LPA Takedown Schedule, ECF No. 15-2 at 17. The

agreement is silent as to when during the quarter lots must be made available. The contract left that determination for the parties to work out. Land Purchase Agreement § 6.

Defendants have complied with the Takedown Schedule through the second quarter of 2021, i.e. June 30, 2021. Defendants maintain that Plaintiffs, however, have failed to engage in good faith discussions regarding the development of lots pursuant to the parties' contract. Because of this alleged default by Plaintiffs, Defendants have notified Plaintiffs that they consider the contract terminated and thus are relieved of any obligation to provide future lots pursuant to the Takedown Schedule.

Plaintiffs have sued Defendants claiming that they have breached the contract. Plaintiffs' complaint seeks specific performance of the contract and damages. Presently pending before the Court is Plaintiffs' motion for a preliminary injunction seeking specific performance of the contract. Specifically, Plaintiffs ask the Court to order Defendants to sell lots according to the Takedown Schedule.

"A preliminary injunction may be entered when a plaintiff establishes four elements: '(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendants; and (4) that the injunction will not disserve the public interest.'" *Friedenberg v. Sch. Bd.*

*of Palm Beach Cnty.*, 911 F.3d 1084, 1090 (11th Cir. 2018) (quoting *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002)). Preliminary injunctions are intended to "preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990). "Mandatory preliminary relief, which goes well beyond simply maintaining the status quo[,] is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976).

Because Plaintiffs have failed to demonstrate a substantial likelihood of success on the merits of their specific performance claim, a preliminary injunction granting such relief is not appropriate. The contractual provision requiring Defendants to provide Plaintiffs with a certain number of lots "during" each quarter as set out in the Takedown Schedule is plain and unambiguous. It requires that the lots be provided during the particular quarter. "During" means throughout the course or duration of. Thus, "during a quarter" means at some time in the course of the quarter. So for the September 2021 quarter, Defendant is obligated under the contract, if it has not been effectively terminated, to provide 45 lots for sale to Plaintiffs. That quarter ends on September 30, 2021. Plaintiffs' lawsuit and

the accompanying motion for preliminary injunction were filed before the time for performance had occurred.  As of the date of today's order, the time for performance has not yet expired.  Thus, no breach has occurred.

Plaintiffs argue that even under the Court's interpretation of the contract, Defendants have clearly repudiated the contract in advance of the time set for performance.  Plaintiffs are correct that Georgia law recognizes a claim for breach of contract based on repudiation of performance.  But upon being notified of Defendants' attempted termination/repudiation of the contract, Plaintiffs had the option of two remedies according to Georgia law: "(1) to accept [Defendants' termination] as an anticipatory breach of the [contract] and sue for damages; or, (2) to treat the alleged [contract] as remaining in force until the time set for performance, and then sue for specific performance." *Kirkland v. Morris,* 212 S.E.2d 781, 783 (Ga. 1975).  Under Georgia law, an action for specific performance is premature and will not lie if the time for performance of the contract has not yet expired. *Id.*  Accordingly, under the present circumstances, Plaintiffs are not likely to succeed on the merits of their specific performance claim because the time for performance has not yet expired.  Plaintiffs' motion for preliminary injunction is therefore denied.[1]

---

[1] Plaintiffs may renew their motion for a preliminary injunction after the time for performance has expired if Defendants fail to perform their

4

IT IS SO ORDERED, this 21st day of September, 2021.

                                                        S/Clay D. Land  
                                                        CLAY D. LAND  
                                                        U.S. DISTRICT COURT JUDGE  
                                                        MIDDLE DISTRICT OF GEORGIA

---

obligations under the contract in the future. But any relief granted pursuant to such motion would be restricted to the quarter for which the time for performance has expired. In that event, the Court would have to determine whether Defendants' termination of the contract was legally authorized and whether the other elements for a preliminary injunction have been satisfied, including the lack of an adequate remedy at law through the recovery of monetary damages. *See Sexton v. Sewell,* 830 S.E.2d 605, 609 (Ga. Ct. App. 2019); O.C.G.A. §§ 23-2-130, 23-1-3.

5