```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF GEORGIA
                           COLUMBUS DIVISION
```

| | |
|---|---|
| AMERICAN SOUTHERN HOMES HOLDINGS, LLC and ASH-GRAYHAWK, LLC, | * * |
| Plaintiffs, | * |
| vs. | CASE NO. 4:21-CV-95 (CDL) * |
| DAVID B. ERICKSON, *et al.*, | * |
| Defendants. | * |

O R D E R

Defendants have filed a partial motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In their complaint, Plaintiffs assert claims for breach of contract arising from Defendants' refusal to sell residential building lots to Plaintiffs pursuant to the schedule contained in the contract, Defendant Erickson's violation of a covenant not to compete, and Defendants' infringement upon Plaintiffs' trademark. Defendants maintain that they terminated the applicable contract based upon Plaintiffs' alleged failure to comply with certain terms in the agreement. They further argue that the covenant not to compete is overbroad and that they have not infringed on Plaintiffs' trademark.

As counsel knows, the Court must accept Plaintiffs' factual allegations in their complaint as true and construe all reasonable

inferences in Plaintiffs' favor when ruling on a motion to dismiss. If those factual allegations present a plausible claim for relief, then Defendants' motion to dismiss must be denied. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Having carefully reviewed Plaintiffs' complaint, the Court finds that it plausibly states the claims Plaintiffs assert. Defendants' arguments are better suited for a summary judgment motion than a Rule 12(b)(6) motion to dismiss. *See Barker v. Columbus Reg'l Healthcare Sys., Inc.*, 977 F. Supp. 2d 1341, 1346 (M.D. Ga. 2013) ("Finding the *Twombly/Iqbal* urge irresistible, many lawyers fail to appreciate the distinction between determining whether a claim for relief is 'plausibly stated,' the inquiry required by *Twombly/Iqbal*, and divining whether actual proof of that claim is 'improbable,' a feat impossible for a mere mortal, even a federal judge."). Defendants' motion (ECF No. 31) is denied.

    IT IS SO ORDERED, this 22nd day of September, 2021.

                                    S/Clay D. Land
                                    CLAY D. LAND
                                    U.S. DISTRICT COURT JUDGE
                                    MIDDLE DISTRICT OF GEORGIA