```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

| | |
|---|---|
| AMERICAN SOUTHERN HOMES HOLDINGS, LLC and ASH-GRAYHAWK, LLC, | * * |
| Plaintiffs, | * |
| vs. | CASE NO. 4:21-CV-95 (CDL) * |
| DAVID B. ERICKSON, *et al.*, | * |
| Defendants. | * |

## O R D E R

Plaintiffs American Southern Homes Holdings, LLC ("ASHH") and ASH-Grayhawk ("ASH-GH") brought this breach of contract action against David Erickson and others. Defendants asserted several counterclaims with their answers, including counterclaims against both ASHH and ASH-GH for breach of contract and for breach of the covenant of good faith and fair dealing. Plaintiffs now move to dismiss those counterclaims against them. ASHH argues that it is not a party to some of the contract provisions upon which Defendants' counterclaims against it are based, and, for those provisions of the contract to which it is a party, it maintains that the factual allegations in Defendants' counterclaim are not sufficient to state a plausible claim for breach of those provisions. ASH-GH argues that the counterclaims do not sufficiently allege facts against it that would support a plausible

claim that it breached its contract with Defendants. For the following reasons, Plaintiffs' motion (ECF No. 52) is granted, and Defendants' second and third counterclaims are dismissed.

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a [counterclaim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The counterclaim must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded [counterclaim] simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

## FACTUAL ALLEGATIONS

The following factual allegations are stated in Defendants' counterclaim and are accepted as true for purposes of evaluating Plaintiffs' motion to dismiss two counts of the counterclaims. Plaintiff American Southern Homes Holdings, LLC acquires and

integrates private homebuilding companies. Defs.' Counterclaims ¶ 2, ECF No. 49 at 52. ASH-Grayhawk ("ASH-GH") is ASHH's subsidiary and was formed to operate ASHH's Columbus, Georgia homebuilding business. Counterclaims ¶ 4. In November 2019, ASHH and ASH-GH purchased the operating assets of David Erickson's Columbus homebuilding company, Grayhawk Homes, Inc. Counterclaims ¶ 2. This transaction was memorialized in the Asset Purchase Agreement (the "Contract").

The Contract expressly provides that ASHH is a party only to Section 2.5 of the Contract. *See* Def.'s Answer Ex. 1, Asset Purchase Agreement 1, ECF No. 49-1 (stating the ASHH is party "solely with respect to the applicable provisions of Section 2.5"). That section provides that Defendants would receive ASHH equity as part of the consideration for the transaction. Counterclaims ¶ 3. After acquiring ASHH equity, Defendants became members of ASHH. *Id*. ¶ 11. Section 6.5 of the Contract imposed noncompete restrictions on ASH-GH and Defendants. Asset Purchase Agreement § 6.5. After Defendant Erickson announced his intention to compete against ASHH, which was not a party to Section 6.5, ASHH amended its LLC Agreement to impose greater restrictions on members actively competing against ASHH. Counterclaims ¶¶ 8-11. Those limitations did apply to Erickson who, as a member of the LLC, was thus subject to the LLC Agreement. *Id.* ¶ 10. Erickson claims that ASHH's actions in amending the LLC Agreement breached the

3

Asset Purchase Agreement, and therefore, the noncompete provisions in the Asset Purchase Agreement should be declared unenforceable.

## DISCUSSION

**I. Do Defendants Allege Plausible Claims that Plaintiffs Breached Section 6.5 of the Asset Purchase Agreement?**

To the extent that Defendants' counterclaim rests upon the contention that ASHH breached Section 6.5 (the noncompete provisions) of the Contract, that claim fails. And the reason is simple. ASHH is not a party to that part of the Contract according to the unambiguous language in the Contract. The Contract clearly states that ASHH is only party to Section 2.5, which describes the "purchase price methodology" for the transaction. As Defendants point out, ASHH is mentioned in other provisions of the Contract, but those provisions do not place any obligations on ASHH regarding competition. Instead, they cover issues such as the sellers' indemnification obligations and the procedure for sending notices.[1] The Contract simply does not bind ASHH to the noncompete provisions in the agreement.

Erickson argues that he accepted ASHH equity as consideration under the condition that the membership shares be subject to the rest of the Contract, including the noncompete agreement. But he points to no provision in the Contract supporting this contention.

---

[1] Defendants specifically identify Sections 8.3(a)-(b), describing the "Additional Conditions to Obligations of Sellers," Section 10.1, describing the Seller's indemnification obligations, and Section 11.1, describing notice procedures, as mentioning ASHH.

The Court cannot add terms to an unambiguous contract based upon such parol evidence. *See Auto-Owners Ins. Co. v. Hale Haven Props., LLC*, 815 S.E.2d 574, 581 (Ga. Ct. App. 2018) ("[W]hen the terms of a written contract are clear and unambiguous, the court is to look to the *contract alone* to find the parties' intent.").

Defendants alternatively argue that ASHH should be prevented from arguing that it is not a party to the covenant not to compete provisions in the Contract because ASHH relies upon those same provisions in support of its claims against Defendants. Judicial estoppel, the last refuge for the otherwise legally hopeless, is "an equitable doctrine invoked by a court at its discretion" and is intended to "protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (first quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990); and then quoting *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (6th Cir. 1982)). "Judicial estoppel applies when (1) a party takes an inconsistent position under oath in a separate proceeding, and (2) the party's inconsistent positions were 'calculated to make a mockery of the judicial system.'" *Silva v. Pro Transp., Inc.*, 898 F.3d 1335, 1339 (11th Cir. 2018) (quoting *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1181 (11th Cir. 2017) (en banc)).

Contrary to Defendants' argument, Plaintiffs maintain that ASHH does not assert any claim for breach of the noncompete provisions in the Contract. Specifically, Plaintiffs state that they use the acronym "ASH" to refer to ASHH and ASH-GH collectively in the amended complaint and that they erroneously did so in the breach of contract section of the amended complaint. They make it clear now that they never intended to assert such a claim on behalf of ASHH. To the extent Plaintiffs' amended complaint could be construed to assert such a claim, any such claim by ASHH is dismissed. Under these circumstances, the Court finds that ASHH is not estopped from arguing that it is not a party to the noncompete provisions in the Contract. Because the record indisputably establishes that ASHH is not a party to those provisions, it could not have breached them.

As to Defendants' claim against ASH-GH for breach of Section 6.5, it is difficult to discern what Defendants claim ASH-GH did to violate the noncompetition terms in the Contract. ASH-GH was not a member of the LLC, and Defendants have provided the Court no authority supporting the imputation of ASHH's conduct in amending the terms of the LLC to ASH-GH. Defendants make no other factual allegations that ASH-GH violated any of the noncompete provisions in the contract. Defendants have simply failed to allege a plausible breach of contract claim against ASH-GH arising from Section 6.5 of the Contract.

## II. Do Defendants Allege Plausible Claims that Plaintiffs Breached Section 2.5 of the Contract?

Defendants also claim that Plaintiffs breached Section 2.5 of the Contract. Section 2.5, to which ASHH and ASH-GH are both parties, provides that Defendants would receive ASHH equity as part of the consideration for the transaction. Specifically, it states in relevant part that, "[u]sing proceeds from the cash portion of the Purchase Price payable hereunder, Seller (or an entity designated by the Shareholders and approved by ASH) shall subscribe for 2,000 ASH Membership Interests in the amount of $2,000,000 at a price of $1,000 per Unit." Asset Purchase Agreement § 2.5(d). The Contract also states that "$4,000,000 of the Premium shall be paid by Buyer to Seller . . . in the form of newly issued Equity Interests in ASH[.]"[2] *Id.* § 2.5(a)(i).

Although unclear from Defendants' briefing and counterclaims, Defendants appear to suggest that Plaintiffs violated this section by "reduc[ing] the value of already illiquid consideration for the sale." Defs.' Resp. to Pls.' Mot. to Dismiss 2, ECF No. 54. Defendants, however, do not allege in their counterclaim that they did not get the consideration bargained for in Section 2.5. Specifically, Defendants do not allege that they were not conveyed the promised amount of ASHH equity at its bargained-for value at

---

[2] The Contract defines "Buyer" as ASH-GH and "Seller" as Grayhawk Homes, Inc., Homestead Residential Inc., and GH Services, Inc. Asset Purchase Agreement 1.

7

the time set forth in the contract.  Nor does Defendants' counterclaim allege that ASHH conveyed the equity with the present intent to later devalue it.  Rather, Defendants apparently received the ASHH equity at the value and time designated by Section 2.5.  As such, Defendants received what they bargained for under Section 2.5.  There is certainly no factual allegation in the counterclaim to suggest otherwise.  Defendants' have not alleged a plausible claim that Plaintiffs breached Section 2.5 of the Contract.[3]

**III. Do Defendants State a Claim for Breach of the Duty of Good Faith and Fair Dealing?**

Defendants' third counterclaim for breach of the implied covenant of good faith and fair dealing is premised on Plaintiffs' alleged breach of Sections 2.5, 6.5, and 11.2 of the Contract.  Generally, "there is no independent cause of action for violation of the covenant [of good faith and fair dealing] apart from breach of an express term of the contract." *Morrell v. Wellstar Health Sys., Inc.*, 633 S.E.2d 68, 72 (Ga. Ct. App. 2006).  The duty is relevant, however, in determining whether there was a breach of contract because the duty "modifies the meaning of all explicit terms in a contract."  *Alan's of Atlanta, Inc., v. Minolta Corp.*, 903 F.2d 1414, 1429 (11th Cir. 1990).  Here ASHH had no duty of performance under the noncompete provision of the Contract because

---

[3] Defendants appear to maintain that Plaintiffs breached Section 11.2 of the Contract.  Defendants' counterclaims, however, do not state facts describing how Plaintiffs breached what appears to be a standard integration clause.  As such, that counterclaim must be dismissed.

8

it is not a party to it, and Defendants have not plausibly alleged that that ASHH breached those provisions by which it was bound even when a duty of good faith is implied. As to ASH-GH, there is no plausible factual allegation that it was a member of the LLC with any authority to amend the LLC agreement, which is the conduct Defendants rely upon to support their allegations of bad faith. Moreover, as explained previously in this Order, Defendants have not sufficiently alleged facts that state a plausible claim that ASH-GH did anything to breach the Contract to which it was a party even considering the implied duty of good faith and fair dealing. Therefore, no factual basis exists supporting Defendants' conclusory allegation that Plaintiffs somehow engaged in bad faith in their performance of the Contract. Defendants' third counterclaim is dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiffs' partial motion to dismiss (ECF No. 52) is granted. Defendants' second and third counterclaims are dismissed.[4]

---

[4] The Court hastens to add that today's rulings are based solely on the factual allegations contained in the two counterclaims which are dismissed. Obviously, these findings will not necessarily be controlling on future motions by any party when those motions present a different evidentiary record. All the Court decides today is that Defendants' second and third counterclaims, as currently alleged, do not state claims upon which relief may be granted.

9

IT IS SO ORDERED, this 25th day of January, 2022.

S/Clay D. Land

CLAY D. LAND  
U.S. DISTRICT COURT JUDGE  
MIDDLE DISTRICT OF GEORGIA