IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
Columbus Division

AMERICAN SOUTHERN HOMES
HOLDINGS, LLC and ASH-
GRAYHAWK, LLC,

    Plaintiffs,

    v.                                  Case No: 4:21-cv-00095-CDL

DAVID B. ERICKSON, *et al.*,

    Defendants.

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

## **CONFIDENTIALITY ORDER**

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect confidential information, the COURT HEREBY ENTERS, this Order:

**1.** **Scope.** All materials produced or adduced in the course of discovery in the above-captioned proceeding, including initial and supplemental disclosures, responses to discovery requests, deposition or other pretrial testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. This Order shall apply to the above-captioned litigation, any actions remanded therefrom, and any appeals thereof (the "Litigation").

**2.** **Confidential Information.** As used in this Order, the phrase "Confidential Information" means documents or other information designated as "Confidential" by the party

producing documents or other tangible items or by a party in connection with deposition or other pretrial testimony that qualifies for protection under Federal Rule of Civil Procedure 26(c). Confidential information may be disclosed only to those persons qualifying under Paragraphs 7(b) and (7)(d) below.

    **3.** **Highly Confidential Information.** As used in this Order, the phrase "Highly Confidential Information" means documents or other information designated as "Highly Confidential – Attorneys' Eyes Only" by the party producing documents or other tangible items or by a party in connection with deposition or other pretrial testimony that qualifies for protection under Federal Rule of Civil Procedure 26(c) and that the disclosing party deems in good faith to contain confidential information related to actual or prospective competition between the parties to the Litigation, which would create a substantial risk of harm if disclosed to another party. Absent agreement of the parties or further Order of this Court, such designation shall apply only to (1) the identity of any homebuilder the parties consider acquiring or have considered acquiring and the proposed terms of such acquisitions, and (2) the identity of any individuals or entities from whom ASH-GH has purchased or may purchase land in Georgia or Alabama, as well as the actual or proposed terms of such transactions. Highly Confidential Information may be disclosed only to those persons qualifying under Paragraphs 7(c) and 7(d) below.

    **4.** **Protected Information.** As used in this Order, the phrase "Protected Information" means any documents, testimony, or other information designated as Confidential Information or Highly Confidential Information.

    **5.** **Designation.** The parties hereby agree that any party (or third party subject to discovery) in this Litigation may designate documents or other information as Confidential or Highly Confidential for protection under this Order by placing or affixing the words "Confidential"

or "Highly Confidential – Attorneys' Eyes Only" on the document or other tangible item in a manner that will not interfere with the legibility of the document or item. The "Confidential" or "Highly Confidential –Attorneys' Eyes Only" marking shall be applied prior to or at the time the documents or tangible items are produced or disclosed; provided, however, that a party may give written notice to another party that materials requested from a third party contain or are likely to contain Protected Information, and the party providing such notice shall have twenty-one (21) calendar days to apply confidentiality designations following the receipt of such third party's production, during which time the materials produced by the third party shall be treated as Highly Confidential Information. Applying the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" marking does not mean that the document or tangible item has any status or protection by statute or otherwise except to the extent of and for the purposes of this Order. Each party or third party that designates information or items for protection under this Order must use good faith efforts to limit any such designation to material that qualifies for protection as Confidential Information or Highly Confidential Information. In the event that Protected Information is received less than fourteen (14) days prior to the deadline for filing a document that may require attaching such Protected Information, the parties will meet and confer to agree in good faith on an accelerated deadline for designation of Protected Information pursuant to this paragraph. If a designating party determines that information it designated as Confidential Information or Highly Confidential Information does not qualify for protection, the designating party shall promptly notify all other parties that it is withdrawing the mistaken designation. Any disagreement regarding a confidentiality designation made pursuant to this paragraph shall be resolved by the procedure set forth in Paragraph 13.

      6. **Depositions and Pretrial Testimony.** A party may designate deposition or other

pretrial testimony as Confidential Information or Highly Confidential Information by making such designation on the record during the testimony or providing written notification to all parties within fourteen (14) calendar days of receipt of the final transcript of deposition or other pretrial testimony. During the fourteen (14) calendar day period, the final testimony, transcript and exhibits shall be treated as Highly Confidential Information. In the event that the final transcript is received less than fourteen (14) days prior to the deadline for filing a document that may require attaching portions of the transcript, the parties will meet and confer to agree in good faith on an accelerated deadline for designation of Protected Information pursuant to this paragraph.  If a party uses Protected Information during a deposition or other pretrial testimony or a party designates the testimony as containing Protected Information, only the portion of the transcript containing the Protected Information constitutes Confidential Information or Highly Confidential Information. Any disagreement regarding the confidentiality designation with respect to deposition or other pretrial testimony shall be resolved by the procedure set forth in Paragraph 13.

7. **Limited Disclosure of Protected Information.**

a. **General Protections.** Protected Information will be held and used by the receiving party exclusively for use in the Litigation and for no other purpose. A party shall not disseminate any Protected Information produced by another party or by a third party except as reasonably necessary for use in this Litigation and in compliance with the requirements set forth in Paragraphs 7(b), 7(c), and 7(d) below. The parties shall take reasonable and prudent measures to safeguard the confidentiality of all Protected Information.

b. **Limited Disclosures – Confidential Information.** Materials designated as "Confidential" by any party or third party shall not be disclosed directly or indirectly by the party receiving such Confidential Information other than (1) to the categories of persons identified

below in Paragraphs 7(d)(i) to 7(d)(xii), and (2) only when disclosure of Confidential Information to such person is reasonably necessary for this Litigation.

        **c.**    **Limited Disclosures – Highly Confidential Information.** Materials designated as "Highly Confidential – Attorneys' Eyes Only" by any party or third party shall not be disclosed directly or indirectly by the party receiving such Highly Confidential Information other than (1) to the categories of persons identified below in Paragraphs 7(d)(i) (Outside Counsel), 7(d)(iii) (Designated In-House Counsel), 7(d)(v) (Court), 7(d)(vi) (Court Reporters and Recorders), 7(d)(vii) (Professional Vendors), 7(d)(viii) (Consultants and Experts), 7(d)(x) (Author or Recipient), or 7(d)(xi) (Special Master, Mediator or Settlement Officer) and (2) only when disclosure of Highly Confidential Information to such person is reasonably necessary for this Litigation.

        **d.**    **Categories of Persons for Limited Disclosure.** Subject to Paragraphs 7(b) and 7(c), a receiving party may disclose Protected Information to the following categories of persons:

        **i.**    **Outside Counsel.** Attorneys (along with their paralegals, secretaries, and other employees) who are retained to represent or advise a party to this Litigation and have appeared in the Litigation on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party. Outside Counsel does not include employees of a party to this Litigation;

        **ii.**    **In-House Counsel.** Attorneys who are employees of a party to this Litigation;

        **iii.**    **Designated In-House Counsel.** In-house counsel who have signed the certification contained in Attachment A;

    **iv.**  **Parties.** Individual parties to this Litigation and the officers, directors, and employees of a party;

    **v.**  **Court.** This Court, any court on appeal, any court on remand, and any court personnel;

    **vi.**  **Court Reporters and Recorders.** Court reporters, stenographers, and/or videographers transcribing or videotaping the testimony or argument at a hearing, trial, or deposition in this Litigation;

    **vii.**  **Professional Vendors.** Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and professional jury or trial consultation services, so long as such person or entity signs the certification contained in Attachment A;

    **viii.**  **Consultants and Experts.** Consultants, investigators, or experts retained by the parties or Outside Counsel for the parties to assist in the defense or prosecution of this Litigation as well as their respective paralegal, investigative, technical, administrative, secretarial, and clerical personnel, so long as such consultants, investigators, or experts have signed the certification contained in Attachment A; provided, however, that no party or employee of a party constitutes a consultant, investigator, or expert for purposes of this Order;

    **ix.**  **Witnesses.** Any witness or potential witness for the purpose of conducting an examination of such witness during trial or deposition or for the purpose of preparing such witness for the trial examination or deposition or interviewing such witness or potential witness in this Litigation; provided, however, that: (a) Confidential Information may be shown to a witness or potential witness during preparation for testimony or during an interview

only after such person has completed the certification contained in Attachment A; and (b) any witness shown Confidential Information in a deposition without having completed the certification contained in Attachment A shall not, following completion of the deposition, be allowed to retain or be provided with a copy of any exhibit containing Confidential Information;

      **x.**    **Author or Recipient.** An author or recipient of a document that contains Protected Information (not including a person who received the document in the course of this Litigation);

      **xi.**    **Special Master, Mediator, or Settlement Officer.** Any special masters, mediators, or settlement officers appointed by the Court or mutually agreed upon by any of the parties engaged in settlement discussions in this Litigation, including supporting personnel of the special master, mediator, or settlement officer; and

      **xii.**    **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

      **e.**    **Control of Protected Information.** Outside Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Information. Outside Counsel shall maintain the forms in Attachment A signed by persons acknowledging their obligations under this Order for a period of three (3) years after the final disposition of this Litigation.

    **8.**    **Inadvertent Failure to Designate.** The inadvertent failure by a producing party to designate documents or other information under this Order as Confidential Information or Highly Confidential Information shall not constitute a waiver of such designation if remedied by prompt supplemental written notice within fourteen (14) business days of the discovery of the inadvertent failure to designate. The producing party shall reproduce the documents with the

correct confidentiality designation, and the reproduced documents will be subject to the protections of this Order. Upon receiving the reproduced documents, the receiving party shall return or securely destroy, at the producing party's option, all documents that were not designated correctly. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material was not designated as Confidential Information or Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated as Confidential Information or Highly Confidential Information.

   9.   **Inadvertent Disclosure of Privileged or Protected Material.** In accordance with Rule 502(d) of the Federal Rules of Evidence, the production or disclosure of any material that the producing party later claims is subject to the work-product doctrine, the attorney-client privilege, or other legal privilege or doctrine protecting information from discovery shall in no way prejudice or otherwise operate as a waiver of, or estoppel as to, the claim of any such privilege or protection.

   a.   **Notification.** In the event of any inadvertent production or disclosure of such materials, the producing party must provide written notice to any other parties within seven (7) business days of the discovery that the production or disclosure of such material has been made. Within seven (7) business days of the receipt of such notice, each other party shall return to the producing party or destroy all such privileged or protected discovery material and copies thereof identified in the written notice that are in its possession and shall make reasonable efforts to reclaim and return any such discovery material and information not in its possession. The party that has produced or disclosed such information shall, within fourteen (14) calendar days after notifying the other parties of the production (a) provide a privilege log identifying the discovery material and the basis for the claim of privilege or protection and (b) produce redacted versions of the

materials at issue if only portions of the materials contain privileged or protected subject matter.

        **b.**    **Objection.** If, after receiving a privilege log or redacted versions of the produced materials, any party believes in good faith that the produced materials at issue are not subject to a legal privilege or doctrine protecting the material from discovery, that party shall, within fourteen (14) calendar days of receiving the privilege log or redacted versions of the produced materials, object in writing to the producing party's claim of protection and identify the material to which the objection applies. The producing party and objecting party shall meet and confer to try and resolve the dispute within seven (7) calendar days of service of the written objection. If the dispute cannot be resolved, the objecting party may seek the Court's involvement. The producing party shall bear the burden of establishing the privileged or protected nature of the disputed information.

    **10.**    **Filing of Protected Information.** Without written permission from the producing party or a Court order secured after appropriate notice to the producing party, a receiving party may not file on the public record in this Litigation any Protected Information. Any party filing Protected Information in this Litigation shall file under seal and in accordance with Rule 5.4 of the Local Rules for the United States District Court for the Middle District of Georgia and the provisions for filing documents under seal in the CM/ECF Administrative Procedures for Filing, Signing, and Verifying Documents by Electronic Means for the United States District Court for the Middle District of Georgia.

    **11.**    **Use of Discovery Information.** Documents and information disclosed or produced in this Litigation may be used only for this Litigation, and not for any other personal, financial, business, or competitive purpose. Nothing in this Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing Protected Information it

produced to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order unless such use or disclosure results in the documents ceasing to meet the definitions of Confidential Information or Highly Confidential Information. Nothing in this Order shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

12. **Voluntary Removal of Confidentiality Designation.** Any party may consent to have any documents or other materials it previously designated as Confidential Information or Highly Confidential Information removed from the scope of this Order by notifying counsel for the other parties in writing or by so stating on the record at any hearing or deposition. In that instance, the designating party shall provide replacement versions of the document without the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation affixed to it.

13. **Challenges by a Party to Designation as Protected Information.** The designation of any material or document as Confidential Information or Highly Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

   a. **Burden.** The burden of proving that a document or information contains Confidential Information or Highly Confidential Information is on the designating party.

   b. **Notice of Challenge.** Any party may object to the designation of particular documents or other materials as Confidential Information or Highly Confidential Information by giving written notice to the party making the designation and to all other parties. Such notice shall identify with reasonable specificity the documents or other materials to which the objection is directed and the basis for the objection.

   c. **Meet and Confer.** The parties shall attempt to resolve any such dispute by

meeting and conferring within seven (7) calendar days of the written notice.

        **d.**    **Judicial Intervention.** Without disclosing the Protected Information in the public record, a party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements of this procedure. Until the Court rules on the challenge, all parties shall continue to treat the materials as Protected Information under the terms of this Order.

        **14.**    **Use of Protected Information at Trial.** Nothing in this Order shall govern the use of Protected Information at any trial in this Litigation. The parties will meet and confer to determine appropriate procedures regarding use of Protected Information in advance of trial and present any issues to the Court, as appropriate.

        **15.**    **Protected Information Subpoenaed or Ordered Produced.**

        **a.**    **Notification to Designating Party.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this Litigation as Protected Information, the receiving party must so notify the designating party, promptly in writing, and in no event more than five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

        **b.**    **Notification of Order.** The receiving party must inform, promptly and in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material or documents covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other

action that caused the subpoena or order to issue.

        **c.**    **Efforts for Further Protection.** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this Litigation an opportunity to further protect its Protected Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Protected Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this Litigation to disobey a lawful directive from another court.

    **16.**    **Privilege Log.** With respect to any documents that are withheld or redacted based upon a claim of privilege, work product, or another privilege or doctrine protecting the documents from discovery, the producing party shall submit a log that complies with the requirements of Federal Rule of Civil Procedure 26(b)(5). The parties will not be required to log attorney work product relating to the assertion or defense of legal claims. Nor will the parties be required to log communications with outside counsel relating to the assertion or defense of legal claims.

    **17.**    **Obligations on Conclusion of Litigation.** Within ninety (90) days of final disposition of this Litigation in an order not subject to any appeal, unless all counsel of record otherwise agree in writing, each party shall (1) return all Protected Information to the producing party or (2) destroy all Protected Information and provide the producing party a written certification that such destruction has been completed. This includes the return or destruction of Protected Information provided to any consultants, investigators, experts, or witnesses. Counsel are entitled to retain archival copies of any pleadings, motion papers, transcripts, written discovery requests and written responses, legal memoranda, correspondence, working files, attorney work product, or litigation databases, even if such materials contain Protected Information. Any such

archival copies that contain or constitute Protected Information remain subject to this Order.

**18.    Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**19.    Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**20.    No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated as Confidential Information or Highly Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**21.    Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

The Court, having reviewed the information contained in the Order completed and filed jointly by the parties to this action, hereby **ADOPTS** the Order.

**SO ORDERED**, this 2nd day of February, 2022.

                                                S/Clay D. Land
                                                CLAY D. LAND
                                                United States District Judge

## ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### Columbus Division

**AMERICAN SOUTHERN HOMES HOLDINGS, LLC and ASH-GRAYHAWK, LLC,**

    **Plaintiffs,**

    **v.**

**DAVID B. ERICKSON,** *et al.***,**

    **Defendants.**

Case No.: 4:21-cv-00095-CDL

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges receipt of the Confidentiality Order issued by the United States District Court for the Middle District of Georgia in *American Southern Homes Holdings, LLC, et al. v. David B. Erickson, et al.*, Case No. 4:21-cv-00095-CDL. The undersigned has reviewed and understands the Confidentiality Order, agrees to be bound by the terms of the Confidentiality Order, and agrees to submit to the jurisdiction of the United States District Court for the Middle District of Georgia for purposes of any disputes relating to the terms of the Confidentiality Order.

Date: _____

Signature: _____

Printed Name: _____

Company: _____

Title: _____