IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
Columbus Division

AMERICAN SOUTHERN HOMES
HOLDINGS, LLC and ASH-
GRAYHAWK, LLC,

    Plaintiffs,

    v.                                        Case No: 4:21-cv-00095-CDL

DAVID B. ERICKSON, *et al.*,

    Defendants.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### PLAINTIFFS' PARTIAL MOTION TO DISMISS
### DEFENDANTS' AMENDED COUNTERCLAIMS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs American Southern Homes Holdings, LLC ("ASHH") and ASH-Grayhawk, LLC ("ASH-GH"), by and through their undersigned counsel, respectfully move to dismiss, with prejudice, the Second, Third and Seventh Counterclaims asserted in Defendants' Answer to Second Amended Complaint, Defenses and Counterclaims (Dkt. 87).

Like the two counterclaims previously dismissed by the Court (Dkt. 67), Defendants' new counterclaims seek to impose contractual obligations that simply do not exist.

In the Second Counterclaim, Defendants allege ASH-GH breached the Asset Purchase Agreement ("APA") by not returning portions of a $250,000 "Warranty Amount" within 24 months. The plain language of the APA, however, creates no obligation for ASH-GH to return any portion of the Warranty Amount, within 24 months or otherwise.

In the Third Counterclaim, Defendants allege that ASH-GH breached the APA by not

assuming an alleged obligation to build a home for a landowner (Ms. Reeves) who sold property to one of Erickson's entities. Under the plain terms of the APA, however, ASH-GH had no obligation to assume such an obligation, including because the underlying agreements were not properly disclosed or provided to ASH-GH, as required by the APA.

In the Seventh Counterclaim, Defendants seek to recover under a quantum meruit theory for services provided by Erickson under a Transition Services Agreement ("TSA"), which does not require payment for such services. As a matter of law, quantum meruit is unavailable even as an alternative remedy, because the TSA governs the parties' rights and responsibilities.

Accordingly, for all of the reasons stated in the accompanying Memorandum of Law, ASH respectfully asks the Court to dismiss the Second, Third and Seventh Counterclaims, all of which fail to state plausible claims for relief. A proposed order is submitted herewith.

Dated:  March 25, 2022                           Respectfully submitted,

*/s/ Jacob A. Kramer*

**FAEGRE DRINKER BIDDLE & REATH LLP**
Jacob A. Kramer (admitted *pro hac vice*)
Jessica R. Maziarz (admitted *pro hac vice*)
Rachel A. Beck (admitted *pro hac vice*)
1500 K Street NW, Suite 1100
Washington, D.C. 20005
Telephone: (202) 230-5289
E-mail:  jake.kramer@faegredrinker.com
E-mail:  jessica.maziarz@faegredrinker.com
E-mail:  rachel.beck@faegredrinker.com

**BUCHANAN LAW FIRM, PC**
Jerry A. Buchanan (Ga. Bar No. 092200)
P.O. Box 2848
The Corporate Center, Suite 614
233 12th Street
Columbus, Georgia 31902
Telephone: (762) 208-6982
E-mail: jab@thebuchananlawfirm.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2022, I electronically filed the foregoing Plaintiffs' Partial Motion to Dismiss Defendants' Amended Counterclaims with the Clerk of the Court using the CM/ECF system for filing and to thereby be served upon all registered participants identified in the Notice of Electronic Filing in this matter.

*/s/ Mary Ann Villa*