```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF GEORGIA
                         COLUMBUS DIVISION

AMERICAN SOUTHERN HOMES          *
HOLDINGS, LLC and ASH-GRAYHAWK,
LLC,                             *

     Plaintiffs,                 *
                                              CASE NO. 4:21-CV-95 (CDL)
vs.                              *

ROSE ANNE ERICKSON, et al.,      *

     Defendants.                 *

                                 *
```

O R D E R

In addition to the myriad other claims asserted by Plaintiffs in this action, they seek to impose liability upon Defendant Rose Anne Erickson ("Rose Anne")[1] without any factual allegations supporting any plausible claim that she breached the contract to which she is a party. A party's mere signature on a contract followed by language that she is signing the contract "individually and on behalf of [other parties to the contract]" does not automatically impose liability upon the signer for breaches committed by every other party to the contract, particularly when some of the other parties are separate corporate entities. Answer to 2d Am. Compl. Ex. 4, Land Purchase Agreement 13, ECF No. 87-4. There is nothing remarkable about an agent of corporate entities

---

[1] To avoid the possibility of confusion with co-defendant David Erickson, the Court refers to defendant Rose Anne Erickson as "Rose Anne."

signing a contract on behalf of those entities which obligates only those entities and also signing in an individual capacity to obligate the signer personally for any obligations the signer may undertake separate and apart from the corporate entities. But unless the signer clearly undertakes in the contract to guaranty performance of the corporate entities or the corporate veil is pierced, the signer cannot be individually liable for the breaches by the corporate entities. The reason for this is simple. The signer must have somehow failed to do something that the contract required her to do or done something the contract prohibited. And if the signer did not undertake to be liable for the performance by the other parties to the contract, then the other parties' breach of their independent duties under the contract cannot be imputed to her.

Here, Plaintiffs fail to allege facts demonstrating what exactly Rose Anne did or did not do that is contrary to what she agreed to in the contract that she signed. Plaintiffs seem to believe that because she signed the contract "individually" and in her capacity as an agent for other parties to the agreement, she guaranteed performance of the contract by the other parties. Yet they point to no provision in the contract that provides that she is undertaking to be bound by everything that the other parties in the contract have agreed to do. Instead, they maintain that

signing in her individual capacity exposes her to such broad liability.

Georgia law does not support Plaintiffs' argument. *See Progressive Elec. Servs., Inc. v. Task Force Constr., Inc.*, 760 S.E.2d 621, 624 (Ga. Ct. App. 2014) ("[A]n agent who, acting within the scope of his authority, enters into contractual relations for a disclosed principal does not bind himself, *in the absence of an express agreement to do so*." (quoting *Primary Invs., LLC v. Wee Tender Care III, Inc.*, 746 S.E.2d 823, 827 (Ga. Ct. App. 2013))). The agreement here does not reveal an express agreement that Rose Anne is binding herself individually to any of the contractual obligations of the other parties to the contract.  The only reasonable interpretation of the agreement is that she was binding herself individually to perform the obligations with regard to the lots that she owned.  In addition to obligating herself to the requirements of the contract for the lots she owns, she signed in a representative capacity for the other entities.  The mere signing of the contract in her individual capacity certainly does not, standing alone, make her the personal guarantor for these other parties.

Plaintiffs' reliance upon the old Georgia Court of Appeals case, *American Associated Cos. v. Vaughn*, 44 S.E.2d 921 (Ga. Ct. App. 1947), is misplaced. *Vaughn* acknowledges that liability can only be imposed if it is clear that the agent is undertaking such

3

liability. *Id*. at 923. Simply signing a contract in one's individual capacity, when there are individual obligations owed by that party separate and apart from the contractual obligations owed by the other parties to the contract, is not enough. Plaintiffs avoid even using the term "guarantor" in their complaint or their briefing, likely understanding that for such liability to be imposed it must be clear that the guarantor has undertaken such broad responsibility for the obligations of others. Regardless of what they call it, Plaintiffs maintain that Rose Anne guaranteed the performance by the other parties to the contract. Yet, the slender reed upon which their argument rests consists of the term "individually" following her signature. Plaintiffs' complaint does not state a plausible claim for guarantor-like liability because Plaintiff alleges no facts to support the conclusion that Rose Anne undertook such liability except for the fact that she signed the contract in her individual and representative capacities.[2] With no factual allegation that Rose Anne clearly undertook such derivative liability or allegation to support a piercing of the corporate veil, the agent cannot be held legally responsible for the breaches of the other parties to the contract.

---

[2] To the extent that Plaintiffs may quibble with the Court's characterization of their theory as one based upon "guarantor-like" principles, it does not matter whether their theory of recovery is couched in terms of direct liability, guarantor liability, or indemnity liability. Rose Anne cannot be bound by the obligations of other parties to the contract unless the contract clearly binds her in such a manner.

4

Plaintiffs argue in their brief that Rose Anne breached the contract with regard to the lots that she owns by attempting to terminate the contract. Because her attempted termination occurred prior to the date for performance of her obligations as to the lots that she owned, this claim is best characterized as one for anticipatory repudiation. Curiously, Plaintiffs do not allege such a claim in their complaint, but even if they did, it would likely fail. A party alleging anticipatory repudiation may either treat it as a breach of contract and bring a claim for damages or wait until the time for performance is due and seek specific performance. *Kirkland v. Morris*, 212 S.E.2d 781, 783 (Ga. 1975). Therefore, Plaintiffs' claim against Rose Anne for specific performance is premature, and Plaintiffs must wait until her time for performance has expired before bringing a claim for specific performance against her. Plaintiffs do summarily allege that they also seek unspecified damages against Rose Anne. But they allege no facts in their complaint as to how they have been damaged by Rose Anne's anticipatory repudiation of the contract. While they may be damaged in the future if Rose Anne does not perform her obligations under the contract when the time for performance arrives, the allegations in their present complaint do not state a plausible claim for breach of contract.

In summary, the contract clearly establishes that Rose Anne individually agreed to certain obligations regarding the lots that

5

she owns or lots that she may come to own. The time for suing for a breach of those obligations has not yet arrived. She also obligated the other parties with regard to the lots that they owned, but she did not guaranty their performance of their separate contractual obligations. Accordingly, Rose Anne Erickson's motion to dismiss (ECF No. 86) is granted.[3]

    IT IS SO ORDERED, this 11th day of July, 2022.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[3] Plaintiffs seek permission to amend their complaint again if the Court finds it fails to state a claim against Rose Anne. But any amendment could not alter the language, or lack thereof, in the contract. Therefore, providing Plaintiffs with another opportunity to take a shot at Rose Anne would be futile, and their request is denied. Today's order does not prevent Plaintiffs from seeking to amend their complaint if Rose Anne does not perform her obligations with regard to the lots that she owns when the time for performance of those obligations has expired with no performance.