**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**Columbus Division**

AMERICAN SOUTHERN HOMES
HOLDINGS, LLC and ASH-
GRAYHAWK, LLC,

      **Plaintiffs,**

      **v.**                     **Case No: 4:21-cv-00095-CDL**

DAVID B. ERICKSON, et al.,

      **Defendants.**

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS'
### AMENDED COUNTERCLAIMS BY ASH-GRAYHAWK, LLC

Plaintiff and Counterclaim-Defendant ASH-Grayhawk, LLC ("ASH-GH"), by and through its undersigned counsel, hereby answers, and sets forth affirmative defenses to, the Amended Counterclaims alleged in the Answer to Second Amended Complaint, Defenses and Counterclaims (Dkt. 87) filed by Defendants David B. Erickson ("Erickson"), GH Lot Holdings, Inc. ("GH Lot Holdings"), GH Lot Holdings of Atlanta Corporation f/k/a Grayhawk Homes of Atlanta, Inc. ("GH Atlanta"), GH Lot Holdings of South Carolina, Inc. f/k/a Grayhawk Homes of South Carolina, Inc. ("GH South Carolina"), Tiger Creek Development, Inc., Cusseta Road, LLC, Sage Development, Inc., Erickson Investments, Inc., Windsong Bonacre, LLC, Grey Rock Development, LLC and Carrollton Development, LLC (collectively, "Defendants").

### Nature of the Counterclaims

### ANSWER TO PARAGRAPH 1:

ASH-GH denies the allegations of Paragraph 1.

**ANSWER TO PARAGRAPH 2**:

ASH-GH admits that, on November 15, 2019, Erickson entered into the Asset Purchase Agreement (the "APA") with ASH, among other parties.  The APA is a written contract that speaks for itself. ASH-GH lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in the first sentence of Paragraph 2, and therefore denies such allegations.  ASH-GH admits that American Southern Homes Holdings, LLC ("ASHH") was formed in 2017, and that it has stated publicly its intent "to build a scaled regional homebuilding company in the Southern US by acquiring and integrating private homebuilders."  ASH-GH denies that ASHH characterized this statement as "its business plan."  ASH-GH admits the allegations in the second and fourth sentences of Paragraph 2.  As to the fifth sentence, ASH-GH admits that Grayhawk Homes, Inc. changed its name to GH Lot Holdings but denies that GH Lot Holdings complied with the APA.

**ANSWER TO PARAGRAPH 3**:

ASH-GH denies the first sentence of Paragraph 3.  ASH-GH admits that Erickson and GH Lot Holdings obtained an equity interest in ASHH, and that Erickson agreed to accept a promissory note under the APA, which speaks for itself. ASH-GH admits that Erickson increased his holdings, and that Erickson and GH Lot Holdings together acquired ASHH units valued at $8.7 million. ASH-GH denies the remaining allegations of Paragraph 3.

**ANSWER TO PARAGRAPH 4**:

ASH-GH admits the APA contained a noncompete restriction with ASH-Grayhawk, which is an indirect subsidiary of ASHH based in Columbus.  The APA speaks for itself, and ASH-GH denies the remaining allegations of Paragraph 4, which contain legal conclusions.

**ANSWER TO PARAGRAPH 5**:

The APA speaks for itself, and ASH-GH denies the first sentence of Paragraph 5. ASH-GH admits, upon information and belief, the second and third sentences of Paragraph 5, except that ASH-GH denies that Erickson was "in the process of winding down" GH Atlanta and GH South Carolina as of the November 15, 2019 closing date for the Grayhawk transaction.

**ANSWER TO PARAGRAPH 6**:

ASH-GH admits the allegations in the first sentence of Paragraph 6. ASH-GH further admits that ASH did not acquire Erickson's other businesses, and that the Transition Services Agreement ("TSA") was entered at the same time as the APA. The TSA speaks for itself. ASH-GH admits that some ASH-GH personnel were involved with certain homebuilding operations of GH Atlanta and GH South Carolina, that Erickson was billed for certain services, and that ASH-GH made use of certain licenses belonging to Erickson after the APA was signed. ASH-GH denies the remaining allegations of Paragraph 6.

**ANSWER TO PARAGRAPH 7**:

ASH-GH admits that Erickson served as a member of ASHH's Board of Directors, as a consultant, and, beginning in October 2020, as ASHH's interim CEO. ASH-GH further admits that Erickson engaged in discussions about becoming the permanent CEO of ASHH, that he was involved in ASHH's third acquisition, and that he initially agreed to invest in the third acquisition. ASH-GH denies the remaining allegations of Paragraph 7.

**ANSWER TO PARAGRAPH 8**:

ASH-GH admits that in December 2020, ASHH informed Erickson that he would not become ASHH's permanent CEO, and Erickson then resigned his positions as interim CEO and director of ASHH. ASH-GH denies the remaining allegations of Paragraph 8.

**ANSWER TO PARAGRAPH 9**:

ASH-GH denies the allegations of Paragraph 9.

**ANSWER TO PARAGRAPH 10**:

ASH-GH denies the allegations in the first sentence of Paragraph 10.  ASH-GH admits that ASHH's Board of Directors amended ASHH's Limited Liability Company Agreement (the "LLC Agreement" and, as amended in January 2021, the "Fifth Amended LLC Agreement"), which speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 10.

**ANSWER TO PARAGRAPH 11**:

ASH-GH denies the first sentence in Paragraph 11.  ASH-GH admits Erickson accepted ASHH membership interests under the APA, which speaks for itself.  The Fifth Amended LLC Agreement speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 11.

**ANSWER TO PARAGRAPH 12**:

ASH-GH admits Erickson objected to the Fifth Amended LLC Agreement, and that he demanded return of his recent investment in ASHH as well as the repurchase of his other equity interests. ASH-GH denies the remaining allegations of Paragraph 12.

**ANSWER TO PARAGRAPH 13**:

ASH-GH admits that ASHH returned the recent investment and agreed to negotiate in good faith for Erickson's separation from ASHH.  ASH-GH denies the remaining allegations of Paragraph 13.

**ANSWER TO PARAGRAPH 14**:

ASH-GH denies the allegations of Paragraph 14.

**ANSWER TO PARAGRAPH 15**:

ASH-GH admits the allegations in the second sentence of Paragraph 15 regarding the Land

Purchase Agreement ("LPA"), which speaks for itself. ASH-GH admits that this Court denied its first motion for preliminary injunction. ASH-GH denies the remaining allegations of Paragraph 15.

**ANSWER TO PARAGRAPH 16**:

ASH-GH denies the allegations of Paragraph 16.

**ANSWER TO PARAGRAPH 17**:

ASH-GH admits the allegations in the third sentence of Paragraph 17 regarding the Consulting Agreement, which speaks for itself. ASH-GH further admits that ASH terminated the Consulting Agreement for cause based upon Erickson's breaches of the APA's noncompete restriction, among other reasons, and that Plaintiffs allege Erickson has misappropriated confidential information. ASH-GH denies the remaining allegations of Paragraph 17.

**ANSWER TO PARAGRAPH 18**:

ASH-GH denies the first sentence of Paragraph 18. ASH-GH admits there is a "Warranty Amount" described in the APA, which speaks for itself. ASH-GH denies the remaining allegations in Paragraph 18.

**ANSWER TO PARAGRAPH 19**:

ASH-GH admits that Defendants seek damages and declaratory and injunctive relief. ASH-GH denies that any grounds exist to support granting the relief sought, and ASH-GH denies the remaining allegations of Paragraph 19.

**Jurisdiction and Venue**

**ANSWER TO PARAGRAPH 20**:

Paragraph 20 states legal conclusions to which no response is required.

**ANSWER TO PARAGRAPH 21**:

Paragraph 21 states a legal conclusion to which no response is required.

## Facts

**ANSWER TO PARAGRAPH 22**:

ASH-GH lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22, and therefore denies such allegations.

**ANSWER TO PARAGRAPH 23**:

ASH-GH admits, upon information and belief, that Erickson is a past President of the Greater Columbus Home Builders Association. ASH-GH lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 23, and therefore denies such allegations.

**ANSWER TO PARAGRAPH 24**:

ASH-GH admits, upon information and belief, that Erickson has built homes in Dallas, Georgia, Charleston, South Carolina, and Des Moines, Iowa, and that he formed separate companies named GH Atlanta, GH South Carolina, and Grayhawk Homes of Iowa, Inc. ASH-GH lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 24, and therefore denies such allegations.

**ANSWER TO PARAGRAPH 25**:

ASH-GH admits that, in 2019, ASHH approached Erickson about buying Grayhawk's assets. ASH-GH further admits that ASHH was formed in 2017, that it acquires and integrates private homebuilders in the United States, and that, prior to engaging with Erickson, ASHH had acquired one other homebuilder, Stoneridge Homes in Huntsville, Alabama. ASH-GH denies the remaining allegations of Paragraph 25.

6

**ANSWER TO PARAGRAPH 26**:

ASH-GH admits that in November 2019, Erickson, Grayhawk, ASHH, and ASH-GH, among other parties, entered the APA, which speaks for itself.

**ANSWER TO PARAGRAPH 27**:

As to the first and second sentences of Paragraph 27, the APA speaks for itself. ASH-GH denies the third sentence of Paragraph 27. ASH-GH denies the remaining allegations of Paragraph 27.

**ANSWER TO PARAGRAPH 28**:

ASH-GH admits that the existence of GH Atlanta and GH South Carolina was disclosed before the APA was signed. ASH-GH further admits that neither GH Atlanta nor GH South Carolina is named as a party to the APA or any of the parties' other agreements, each of which speaks for itself. ASH-GH also admits that it did not acquire those businesses. Section 1.2(q) of the APA speaks for itself. ASH-GH denies the remaining allegations of Paragraph 28.

**ANSWER TO PARAGRAPH 29**:

Regarding the first, second, third, and fourth sentences of Paragraph 29, ASH-GH admits that consideration was a combination of cash, debt, and equity interest in ASHH under the APA, which speaks for itself. As to the final two sentences of Paragraph 29, ASH-GH admits that membership interests were subject to restrictions under the LLC Agreement, which speaks for itself. ASH-GH denies the remaining allegations of Paragraph 29.

**ANSWER TO PARAGRAPH 30**:

ASH-GH admits the allegations in the first sentence of Paragraph 30. Regarding the second and third sentences of Paragraph 30, the APA speaks for itself. ASH-GH denies the remaining allegations of Paragraph 30.

**ANSWER TO PARAGRAPH 31**:

ASH-GH denies the allegations of Paragraph 31.  The APA speaks for itself.

**ANSWER TO PARAGRAPH 32**:

ASH-GH denies the allegations of Paragraph 32.

**ANSWER TO PARAGRAPH 33**:

ASH-GH denies the allegations of Paragraph 33.

**ANSWER TO PARAGRAPH 34**:

ASH-GH denies the allegations of Paragraph 34.

**ANSWER TO PARAGRAPH 35**:

ASH-GH admits that Erickson, "the Sellers (as defined in the LPA)," and ASH, among other parties, entered into the LPA, which appended a "takedown schedule," and which speaks for itself. ASH-GH denies the remaining allegations of Paragraph 35.

**ANSWER TO PARAGRAPH 36**:

The LPA speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 36.

**ANSWER TO PARAGRAPH 37**:

The LPA and Takedown Schedule each speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 37.

**ANSWER TO PARAGRAPH 38**:

The LPA speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 38.

**ANSWER TO PARAGRAPH 39**:

The LPA speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 39.

**ANSWER TO PARAGRAPH 40**:

ASH-GH denies the allegations of Paragraph 40.

**ANSWER TO PARAGRAPH 41:**

ASH-GH admits that Erickson entered into the Consulting Agreement, which speaks for itself. ASH-GH denies the remaining allegations of Paragraph 41.

**ANSWER TO PARAGRAPH 42**:

ASH-GH admits that after the acquisition of Grayhawk, Erickson began consulting with ASHH regarding other potential acquisition opportunities, and that he suggested acquiring Dorn Homes, a homebuilder based in Prescott, Arizona.  ASH-GH further admits that Erickson joined ASHH's Board of Directors.  ASH-GH denies the remaining allegations of Paragraph 42.

**ANSWER TO PARAGRAPH 43**:

The *Builder Online* article referenced in the third sentence of Paragraph 43 speaks for itself.  ASH-GH further admits that at least three different individuals have served as the president of Stoneridge Homes and four different individuals have served as the president of ASH-Grayhawk, on either a permanent or interim basis.  ASH-GH denies the remaining allegations in Paragraph 43.

**ANSWER TO PARAGRAPH 44**:

ASH-GH denies the allegations of Paragraph 44.

**ANSWER TO PARAGRAPH 45**:

The LPA speaks for itself.  ASH-GH admits that the parties have engaged in several discussions and email exchanges about the schedule for developing C lots.  ASH-GH denies the remaining allegations of Paragraph 45.

**ANSWER TO PARAGRAPH 46**:

ASH-GH admits that, in October 2020, ASHH's Board of Directors removed its interim CEO and appointed Erickson to serve as interim CEO.  ASH-GH denies the remaining allegations of Paragraph 46.

**ANSWER TO PARAGRAPH 47**:

ASH-GH admits that, while Erickson was interim CEO, ASHH and Dorn Homes executed a letter of intent, which speaks for itself.  ASH-GH further admits that the Dorn acquisition closed in January 2021.  ASH-GH denies the remaining allegations of Paragraph 47.

**ANSWER TO PARAGRAPH 48**:

ASH-GH admits that between November 2019 and December 2020, Erickson and GH Lot Holding's combined position in ASHH increased to 87,000 membership units, equating to a percentage ownership second to one other member.  ASH-GH denies the remaining allegations of Paragraph 48.

**ANSWER TO PARAGRAPH 49**:

ASH-GH admits that in early December 2020, ASHH issued a private placement memorandum, which speaks for itself.  ASH-GH further admits that Erickson and GH Lot Holdings subscribed to this offering via subscription agreements, each of which speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 49.

**ANSWER TO PARAGRAPH 50**:

ASH-GH admits that Erickson expressed to ASHH's leadership his interest in becoming permanent CEO while he was interim CEO, and that Erickson and the ASHH Board of Directors entered into negotiations regarding the position.  ASH-GH denies the remaining allegations in Paragraph 50.

**ANSWER TO PARAGRAPH 51**:

ASH-GH admits that ASHH and Erickson did not reach an agreement and that Erickson was informed he would not become ASHH's permanent CEO.  ASH-GH denies the remaining allegations in Paragraph 51.

**ANSWER TO PARAGRAPH 52**:

ASH-GH admits the allegations in the first and second sentences of Paragraph 52 regarding Erickson's December 20, 2022 letter of resignation, which speaks for itself. ASH-GH denies the remaining allegations of Paragraph 52.

**ANSWER TO PARAGRAPH 53**:

ASH-GH admits the allegations in the last sentence of Paragraph 53. Erickson's December 30, 2020 letter speaks for itself. ASH-GH denies the remaining allegations of Paragraph 53.

**ANSWER TO PARAGRAPH 54**:

ASH-GH denies the allegations of Paragraph 54.

**ANSWER TO PARAGRAPH 55**:

The APA and ASHH's LLC Agreement each speaks for itself. ASH-GH denies the remaining allegations of Paragraph 55.

**ANSWER TO PARAGRAPH 56**:

ASH-GH denies the allegations of Paragraph 56.

**ANSWER TO PARAGRAPH 57**:

The Fifth Amended LLC Agreement speaks for itself. ASH-GH denies the remaining allegations of Paragraph 57.

**ANSWER TO PARAGRAPH 58**:

The Fifth Amended LLC Agreement speaks for itself. ASH-GH denies the remaining allegations of Paragraph 58.

**ANSWER TO PARAGRAPH 59**:

The Fifth Amended LLC Agreement and the APA each speaks for itself. ASH-GH denies the remaining allegations of Paragraph 59.

**<u>ANSWER TO PARAGRAPH 60</u>**:

The Fifth Amended LLC Agreement speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 60.

**<u>ANSWER TO PARAGRAPH 61</u>**:

The Fifth Amended LLC Agreement speaks for itself.  ASH-GH admits that other members of ASHH are or have been engaged in operations relating to homebuilding and construction.  ASH-GH denies the remaining allegations of Paragraph 61.

**<u>ANSWER TO PARAGRAPH 62</u>**:

The Fifth Amended LLC Agreement speaks for itself.  Defendants' allegations that amendments "protected" certain individuals and entities are so vague that they preclude a response.  ASH-GH denies the remaining allegations of Paragraph 62.

**<u>ANSWER TO PARAGRAPH 63</u>**:

The Fifth Amended LLC Agreement speaks for itself.  Defendants' allegations that amendments "protected" certain individuals and entities are so vague that they preclude a response.  ASH-GH denies the remaining allegations of Paragraph 63.

**<u>ANSWER TO PARAGRAPH 64</u>**:

The Fifth Amended LLC Agreement speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 64.

**<u>ANSWER TO PARAGRAPH 65</u>**:

The Fifth Amended LLC Agreement speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 65.

**<u>ANSWER TO PARAGRAPH 66</u>**:

ASH-GH admits the allegations in the first sentence of Paragraph 66, regarding counsel's January

22, 2021 email, which speaks for itself.  ASH-GH further admits that, at this time, Erickson was no longer serving as a director of ASHH.  ASH-GH denies the remaining allegations of Paragraph 66.

**ANSWER TO PARAGRAPH 67**:

ASH-GH admits the allegations in the first sentence of Paragraph 67 regarding Erickson's January 24, 2021 letter, which speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 67.

**ANSWER TO PARAGRAPH 68**:

Erickson's January 24, 2021 letter speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 68.

**ANSWER TO PARAGRAPH 69**:

Erickson's January 24, 2021 letter speaks for itself.  ASH-GH admits that Erickson requested the immediate return of his investment tendered in December 2020.  ASH-GH denies the remaining allegations of Paragraph 69

**ANSWER TO PARAGRAPH 70**:

ASH-GH admits that outside counsel informed Erickson that his December 2020 investment in ASHH would be returned in full and that it was returned on or about January 26, 2021.  ASH-GH further admits that ASH agreed to "negotiate in good faith" to resolve its disputes with Erickson, including Erickson's request to separate from ASHH.  ASH-GH denies the remaining allegations of Paragraph 70.

**ANSWER TO PARAGRAPH 71**:

ASH-GH denies the allegations in Paragraph 71.

**ANSWER TO PARAGRAPH 72**:

 ASH-GH admits that ASH alleged Erickson breached the noncompete restriction in the APA. ASH-GH denies the remaining allegations of Paragraph 72.

**ANSWER TO PARAGRAPH 73**:

ASH-GH denies the allegations of Paragraph 73.

**ANSWER TO PARAGRAPH 74**:

ASH-GH admits that ASH has asserted that Erickson breached the noncompete restriction in the APA by engaging in homebuilding operations in Dallas, GA.  ASH-GH admits that ASH has asserted that Erickson misappropriated ASH-GH's copyrights and trademarks in connection with homebuilding operations in Dallas, Georgia and South Carolina.  ASH-GH further admits that ASH did not acquire GH Atlanta.  ASH-GH denies the remaining allegations of Paragraph 74.

**ANSWER TO PARAGRAPH 75**:

ASH-GH admits that certain ASH-GH employees provided services related to certain operations of GH Atlanta and GH South Carolina.  ASH-GH denies the remaining allegations in the first sentence of Paragraph 75.  ASH-GH admits that, at the same time the APA was signed, ASH-GH and GH Lot Holdings, among other parties, entered into the TSA.  The TSA speaks for itself, and ASH-GH denies the remaining allegations in the second sentence of Paragraph 75.  ASH-GH admits that ASH-GH used Erickson's licenses pursuant to the TSA, which speaks for itself.  ASH-GH denies the remaining allegations in the third sentence of Paragraph 75.  ASH-GH denies the allegations in the fourth sentence of Paragraph 75.  ASH-GH admits that ASH-GH support services could be used under the TSA, which speaks for itself.  ASH-GH denies the remaining allegations in the fifth sentence of Paragraph 75.  ASH-GH admits both parties benefited from the TSA, which speaks for itself, and denies the remaining allegations in the sixth sentence of Paragraph 75.  ASH-

GH admits that the parties extended the TSA to March 31, 2021 by an amendment, which speaks for itself. ASH-GH denies the remaining allegations of Paragraph 75.

**ANSWER TO PARAGRAPH 76**:

ASH-GH denies the allegations in the first and second sentences of Paragraph 76.  ASH-GH admits that it initially refused to purchase four A lots as they did not satisfy the development standards in the LPA. ASH-GH further admits that on June 10, 2021, ASH-GH purchased the four lots, and that, while Plaintiffs' initial Complaint contained allegations relating to the four lots, the Second Amended Complaint does not.  ASH-GH denies the remaining allegations of Paragraph 76.

**ANSWER TO PARAGRAPH 77**:

ASH-GH admits the allegations in the first sentence  of Paragraph 77 after the word "Fourth," and admits the second sentence of Paragraph 77.  ASH-GH denies the allegations in the third and fourth sentences of Paragraph 77.  ASH-GH further admits that Erickson claims ASH breached the Consulting Agreement. ASH-GH denies the remaining allegations of Paragraph 77.

**ANSWER TO PARAGRAPH 78**:

ASH-GH denies the allegations of Paragraph 78.

**ANSWER TO PARAGRAPH 79**:

The APA speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 79.

**ANSWER TO PARAGRAPH 80**:

The APA speaks for itself.  ASH-GH admits the allegations in the sixth sentence of Paragraph 80. ASH-GH denies the remaining allegations in Paragraph 80.

**ANSWER TO PARAGRAPH 81**:

ASH-GH admits that ASH sent an April 8, 2021 letter terminating the Consulting Agreement for cause and enclosing a draft complaint, each of which speaks for itself.  ASH-GH denies the

remaining allegations of Paragraph 81.

**ANSWER TO PARAGRAPH 82**:

ASH-GH denies the allegations in the first sentence of Paragraph 82. ASH-GH admits that on April 14, 2021, Erickson's counsel sent ASH's counsel a purported notice of default, which speaks for itself. ASH-GH further admits that on April 16, 2021, ASH's counsel sent Erickson's counsel a response, which provided notice of default under the LPA and which speaks for itself. ASH-GH denies the remaining allegations in Paragraph 82.

**ANSWER TO PARAGRAPH 83**:

ASH-GH admits that on April 21, 2020, the parties reached a standstill agreement via email, which speaks for itself. ASH-GH further admits that, on April 22, 2021, the parties each withdrew their notices of default under the LPA without prejudice to reasserting them at a later date. ASH-GH denies the remaining allegations of Paragraph 83.

**ANSWER TO PARAGRAPH 84**:

ASH-GH admits the allegations in the first sentence of Paragraph 84. ASH-GH further admits that the standstill agreement expired and that Erickson sold ASH-GH 27 lots between June 9 and 11, 2021, including the four A lots ASH-GH previously identified as defective. ASH-GH lacks knowledge or information sufficient to form a belief about the truth of the remainder of allegations contained Paragraph 84, and therefore denies such allegations.

**ANSWER TO PARAGRAPH 85**:

ASH-GH admits that Plaintiffs commenced this lawsuit on June 14, 2021 by filing the original Complaint, which speaks for itself. ASH-GH admits that Plaintiffs filed an Amended Complaint on July 1, 2021, which speaks for itself. ASH-GH denies the remaining allegations in Paragraph 85.

**ANSWER TO PARAGRAPH 86**:

ASH's original Complaint speaks for itself.  ASH-GH admits the allegations in the second sentence of Paragraph 86.  ASH-GH further admits that the Court denied the first motion for preliminary injunction.  ASH-GH denies the remaining allegations of Paragraph 86.

**ANSWER TO PARAGRAPH 87**:

ASH-GH admits that on June 21, 2021, Erickson's counsel sent ASH's counsel a purported notice of default, which speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 87.

**ANSWER TO PARAGRAPH 88**:

The LPA speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 88.

**ANSWER TO PARAGRAPH 89**:

The LPA speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 89.

**ANSWER TO PARAGRAPH 90**:

The LPA and APA each speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 90.

**ANSWER TO PARAGRAPH 91**:

ASH-GH admits the allegations in the first sentence of Paragraph 91.  ASH-GH denies the allegations in the second sentence of Paragraph 91.

**ANSWER TO PARAGRAPH 92**:

ASH-GH admits the allegations the first two sentences of Paragraph 92.  ASH-GH denies the remaining allegations of Paragraph 92.

**ANSWER TO PARAGRAPH 93**:

ASH-GH admits that the parties agreed ASH-GH could use Erickson's Georgia and Alabama contractor's licenses under the TSA, which speaks for itself.  ASH-GH denies the remaining

allegations of Paragraph 93.

**ANSWER TO PARAGRAPH 94**:

ASH-GH admits that ASH-GH used Erickson's licenses under the TSA, which speaks for itself. ASHH further admits that at least four different individuals have served as the president of ASH-Grayhawk, on either a permanent or interim basis.  ASH-GH further admits that ASH-GH first obtained a business license from the City of Columbus in early 2021.  ASH-GH denies the remaining allegations in Paragraph 94.

**ANSWER TO PARAGRAPH 95**:

ASH-GH admits that in April 2020, Erickson, GH Lot Holdings and ASH-GH, among others, signed an amendment to the TSA, which speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 95.

**ANSWER TO PARAGRAPH 96**:

ASH-GH denies the allegations in the first sentence of Paragraph 96.  ASH-GH admits that, in December 2021, Erickson and GH Lot Holdings were named as defendants in a civil complaint, which speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 96.

**ANSWER TO PARAGRAPH 97**:

ASH-GH admits Erickson and GH Lot Holdings requested from ASH-GH indemnification and defense of the lawsuit, and that ASH-GH initially refused to provide Erickson with any indemnity or defense and claimed that it is entitled to indemnification from Erickson.  ASH-GH denies the remaining allegations of Paragraph 97.

**First Counterclaim**
**(By Mr. Erickson and GH Lot Holdings against ASHH and ASH-Grayhawk)**
**Declaratory Judgment**
**<u>Georgia's Restrictive Covenants Act</u>**

**<u>ANSWER TO PARAGRAPH 98</u>:**

ASH-GH incorporates by reference and repeats its responses to Paragraphs 1-97.

**<u>ANSWER TO PARAGRAPH 99</u>:**

ASH-GH lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of Paragraph 99, and therefore denies such allegations. ASH-GH admits that it seeks to enforce the noncompete restriction set forth in Section 6.5 of the APA via Count Three of the Second Amended Complaint. ASH-GH denies the remaining allegations of Paragraph 99.

**<u>ANSWER TO PARAGRAPH 100</u>:**

Paragraph 100 states a legal conclusion to which no response is required. To the extent a response is required, ASH-GH denies the allegations of Paragraph 100.

**<u>ANSWER TO PARAGRAPH 101</u>:**

ASH-GH denies the allegations of Paragraph 101.

**<u>ANSWER TO PARAGRAPH 102</u>:**

ASH-GH denies that Erickson or GH Lot Holdings are entitled to the relief requested in Paragraph 102, or any relief whatsoever. ASH-GH denies the remaining allegations of Paragraph 102.

**<u>ANSWER TO PARAGRAPH 103</u>:**

ASH-GH denies the allegations of Paragraph 103.

**<u>ANSWER TO PARAGRAPH 104</u>:**

ASH-GH denies that Erickson or GH Lot Holdings are entitled to the relief requested in Paragraph

104, or any relief whatsoever.  ASH-GH denies the remaining allegations of Paragraph 104.

**Second Counterclaim**
**(By Mr. Erickson and GH Lot Holdings against ASH-Grayhawk)**
**Breach of Contract – Warranty Holdback**
<u>**Asset Purchase Agreement**</u>

<u>**ANSWER TO PARAGRAPH 105:**</u>

ASH-GH incorporates by reference and repeats its responses to Paragraphs 1-104.

<u>**ANSWER TO PARAGRAPH 106:**</u>

ASH-GH admits that the APA is a valid and binding obligation under Georgia law and complies

with the Georgia Restrictive Covenants Act.  ASH-GH denies the remaining allegations of

Paragraph 106.

<u>**ANSWER TO PARAGRAPH 107:**</u>

The APA speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 107

<u>**ANSWER TO PARAGRAPH 108:**</u>

ASH-GH denies the allegations of Paragraph 108.

<u>**ANSWER TO PARAGRAPH 109:**</u>

ASH-GH denies the allegations of Paragraph 109.

<u>**ANSWER TO PARAGRAPH 110:**</u>

ASH-GH denies the allegations of Paragraph 110.

<u>**ANSWER TO PARAGRAPH 111:**</u>

ASH-GH denies the allegations of Paragraph 111.

**Third Counterclaim**
**(By Mr. Erickson and GH Lot Holdings against ASH-Grayhawk)**
**Breach of Contract – Reeves Contract**
**<u>Asset Purchase Agreement</u>**

**<u>ANSWER TO PARAGRAPH 112</u>**:

ASH-GH incorporates by reference and repeats its responses to Paragraphs 1-111.

**<u>ANSWER TO PARAGRAPH 113</u>**:

ASH-GH admits that the APA is a valid and binding obligation under Georgia law and complies with the Georgia Restrictive Covenants Act.  ASH-GH denies the remaining allegations of Paragraph 113.

**<u>ANSWER TO PARAGRAPH 114</u>**:

The APA speaks for itself. ASH-GH denies the remaining allegations of Paragraph 114.

**<u>ANSWER TO PARAGRAPH 115</u>**:

ASH-GH denies the allegations of Paragraph 115.

**<u>ANSWER TO PARAGRAPH 116</u>**:

The APA speaks for itself. ASH-GH denies the remaining allegations of Paragraph 116.

**<u>ANSWER TO PARAGRAPH 117</u>**:

The APA speaks for itself. ASH-GH denies the remaining allegations of Paragraph 117.

**<u>ANSWER TO PARAGRAPH 118</u>**:

ASH-GH denies the allegations of Paragraph 118.

**<u>ANSWER TO PARAGRAPH 119</u>**:

ASH-GH denies the allegations of Paragraph 119.

**<u>ANSWER TO PARAGRAPH 120</u>**:

ASH-GH denies the allegations of Paragraph 120.

**Fourth Counterclaim**
**(By Mr. Erickson, GH Lot Holdings, and the Sellers against ASHH and ASH-Grayhawk)**
**Breach of Contract**
**Land Purchase Agreement**

**ANSWER TO PARAGRAPH 121**:

ASH-GH incorporates by reference and repeats its responses to Paragraphs 1-120.

**ANSWER TO PARAGRAPH 122**:

Paragraph 122 states a legal conclusion to which no response is required. To the extent a response is required, ASH-GH denies the allegations of Paragraph 122.

**ANSWER TO PARAGRAPH 123**:

ASH-GH denies the allegations of Paragraph 123.

**ANSWER TO PARAGRAPH 124**:

The LPA speaks for itself. ASH-GH denies the remaining allegations of Paragraph 124.

**ANSWER TO PARAGRAPH 125**:

ASH-GH admits that on June 21, 2021, Erickson's counsel sent ASH's counsel a purported notice of default, which speaks for itself.  ASH-GH denies that it defaulted under the LPA and further denies the remaining allegations of Paragraph 125.

**ANSWER TO PARAGRAPH 126**:

ASH-GH admits that on August 6, 2021, Erickson's counsel sent a letter to ASH's counsel purporting to terminate the LPA, which speaks for itself.  ASH-GH further admits that ASH seeks to enforce the LPA through this lawsuit.  ASH-GH denies the remaining allegations of Paragraph 126.

**ANSWER TO PARAGRAPH 127**:

The LPA speaks for itself.  ASH-GH admits that Plaintiffs contend Erickson and the Sellers are

not entitled to retain the deposit referenced in Section 34 of the LPA. ASH-GH denies the remaining allegations of Paragraph 127.

**ANSWER TO PARAGRAPH 128**:

The LPA and the APA each speaks for itself.  ASH-GH admits that ASH contends Section 6.5 of the APA remains in effect.  ASH-GH denies the remaining allegations of Paragraph 128.

**ANSWER TO PARAGRAPH 129**:

The LPA and APA each speaks for itself.  ASH-GH admits that ASH-GH has not granted Erickson or GH Lot Holdings a license to use its intellectual property.  ASH-GH denies the remaining allegations of Paragraph 129.

**ANSWER TO PARAGRAPH 130**:

ASH-GH denies the allegations of Paragraph 130.

**ANSWER TO PARAGRAPH 131**:

ASH-GH denies that Erickson, GH Lot Holdings, and/or the Sellers are entitled to the relief requested in Paragraph 131, or any relief whatsoever.  ASH-GH denies the remaining allegations of Paragraph 131.

**Fifth Counterclaim**
**(By Mr. Erickson against ASHH and ASH-Grayhawk)**
**Breach of Contract**
**Consulting Agreement**

**ANSWER TO PARAGRAPH 132**:

ASH-GH incorporates by reference and repeats its responses to Paragraphs 1-131.

**ANSWER TO PARAGRAPH 133**:

ASH-GH admits that the Consulting Agreement is a valid and binding contract under Georgia law.

**ANSWER TO PARAGRAPH 134**:

The Consulting Agreement speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 134.

**ANSWER TO PARAGRAPH 135**:

ASH-GH admits Plaintiffs terminated the Consulting Agreement for cause based upon Erickson's misappropriation of ASH's confidential information and intellectual property, and his breach of the APA's noncompete restriction, among other reasons.  ASH-GH denies the remaining allegations of Paragraph 135.

**ANSWER TO PARAGRAPH 136**:

ASH-GH denies the allegations of Paragraph 136.

**ANSWER TO PARAGRAPH 137**:

ASH-GH denies the allegations of Paragraph 137.

**ANSWER TO PARAGRAPH 138**:

ASH-GH denies that Erickson is entitled to the relief requested in Paragraph 138, or any relief whatsoever.  ASH-GH denies the remaining allegations of Paragraph 138.

**Sixth Counterclaim**
**(By Mr. Erickson and GH Lot Services against ASH-Grayhawk)**
**Breach of Contract**
**Transition Services Agreement**

**ANSWER TO PARAGRAPH 139**:

ASH-GH incorporates by reference and repeats its responses to Paragraphs 1-138.

**ANSWER TO PARAGRAPH 140**:

ASH-GH admits that the TSA is a valid and binding contract under Georgia law.

**<u>ANSWER TO PARAGRAPH 141</u>**:

The TSA speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 141.

**<u>ANSWER TO PARAGRAPH 142</u>**:

ASH-GH denies the allegations of Paragraph 142.

**<u>ANSWER TO PARAGRAPH 143</u>**:

The TSA speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 143.

**<u>ANSWER TO PARAGRAPH 144</u>**:

The TSA speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 144.

**<u>ANSWER TO PARAGRAPH 145</u>**:

ASH-GH admits that, in December 2021, Erickson and GH Lot Holdings were named as defendants in a civil complaint, which speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 145.

**<u>ANSWER TO PARAGRAPH 146</u>**:

ASH-GH denies the allegations of Paragraph 146.

**<u>ANSWER TO PARAGRAPH 147</u>**:

ASH-GH denies the allegations of Paragraph 147.

**Seventh Counterclaim**
**(By Mr. Erickson and GH Lot Holdings against ASH-Grayhawk)**
**<u>Quantum Meruit</u>**

**<u>ANSWER TO PARAGRAPH 148</u>**:

ASH-GH incorporates by reference and repeats its responses to Paragraphs 1-147.

**<u>ANSWER TO PARAGRAPH 149</u>**:

ASH-GH admits that it entered into the TSA on or about November 15, 2019.  The TSA speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 149.

**ANSWER TO PARAGRAPH 150**:

The TSA and the amendments to the TSA each speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 150.

**ANSWER TO PARAGRAPH 151**:

The TSA and the first amendment to the TSA each speaks for itself.  ASH-GH denies the remaining allegations of Paragraph 151.

**ANSWER TO PARAGRAPH 152**:

The TSA and the amendments to the TSA each speaks for itself.  ASH-GH denies the remaining allegations of Paragraphs 152.

**ANSWER TO PARAGRAPH 153**:

ASH-GH denies the allegations of Paragraph 153.

**ANSWER TO PARAGRAPH 154**:

ASH-GH denies the allegations of Paragraph 154.

**ANSWER TO PARAGRAPH 155**:

ASH-GH denies the allegations of Paragraph 155.

## AFFIRMATIVE DEFENSES

ASH-GH hereby sets forth the following affirmative defenses to the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Counterclaims, as alleged in Defendants' Answer to Second Amended Complaint, Defenses and Counterclaims.  (Dkt. 87.)  In asserting the following defenses, ASH-GH does not assume the burden of proof on any defenses that would otherwise rest with the Counterclaimants.  Moreover, ASH-GH reserves the right to add, alter, and/or amend its defenses as the course of discovery so requires.

### FIRST DEFENSE
### (<u>Failure to State a Claim</u>)

Defendants' counterclaims are barred, in whole or in part, because they fail to state a claim against ASH-GH upon which relief may be granted.

### SECOND DEFENSE
### (<u>No Breach</u>)

Defendants' counterclaims for breach of the APA (Second and Third Counterclaims), breach of the LPA (Fourth Counterclaim), and breach of the Consulting Agreement (Fifth Counterclaim) fail because neither ASHH nor ASH-GH breached any contract between the parties.

### THIRD DEFENSE
### (<u>No Causation</u>)

Defendants' counterclaims are barred, in whole or in part, because ASH-GH did not directly or proximately cause or contribute to any alleged damages, loss, or injury sustained by Defendants.

### FOURTH DEFENSE
### (<u>Failure to Mitigate</u>)

Defendants' counterclaims are barred, in whole or in part, by Defendants' failure to mitigate any damages allegedly sustained.  Any damage, loss or liability sustained by Defendants (which Plaintiffs deny) must be reduced, diminished and/or barred in proportion to the Defendants' failure to mitigate, reduce, or otherwise avoid any alleged damages.

### FIFTH DEFENSE
### (<u>Failure to Perform</u>)

Defendants' counterclaims for breach of the APA (Second and Third Counterclaims), breach of the LPA (Fourth Counterclaim), and breach of the Consulting Agreement (Fifth Counterclaim) are barred, in whole or in part, because Defendants failed to perform, thereby excusing Plaintiffs' performance.

**SIXTH DEFENSE**
**(Prior Material Breach)**

Defendants' counterclaims for breach of the APA (Second and Third Counterclaims), breach of the LPA (Fourth Counterclaim), and breach of the Consulting Agreement (Fifth Counterclaim) are barred, in whole or in part, because Defendants materially breached the contracts, thereby excusing Plaintiffs' performance.

**SEVENTH DEFENSE**
**(Unclean Hands)**

Defendants' counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

**EIGHTH DEFENSE**
**(Unjust Enrichment)**

Defendants' counterclaims are barred, in whole or in part, because any recovery by the Defendants would constitute unjust enrichment.

**NINTH DEFENSE**
**(Offset)**

Although ASH-GH denies it is liable for the damages alleged in Defendants' counterclaims, in the event it is found liable, ASH-GH is entitled to an offset against any relief sought by Defendants upon their wrongful conduct and/or monies owed to ASH-GH and/or the value received by Defendants and related companies for services provided by ASH-Grayhawk.

**TENTH DEFENSE**
**(Estoppel)**

Defendants' counterclaims are barred, in whole or in part, by the doctrine of estoppel.

**ELEVENTH DEFENSE**
**(Waiver)**

Defendants' counterclaims are barred, in whole or in part, by the doctrine of waiver.

## TWELFTH DEFENSE
## (Acquiescence)

Defendants' counterclaims are barred, in whole or in part, by the doctrine of acquiescence.

## THIRTEENTH DEFENSE
## (Laches)

Defendants' counterclaims are barred, in whole or in part, by the doctrine of laches.

## FOURTEENTH DEFENSE
## (Statute of Frauds)

Defendants' counterclaims are barred, in whole or in part, by the statute of frauds.

## FIFTEENTH DEFENSE
## (Accord and Satisfaction)

Defendants' counterclaims are barred, in whole or in part, by accord and satisfaction.

## SIXTEENTH DEFENSE
## (No Attorneys' Fees)

Defendants are not entitled to attorneys' fees or costs under applicable law.

## SEVENTEENTH DEFENSE
## (No Material Breach by ASH)

Defendants' counterclaims for breach of the APA (Second and Third Counterclaims), breach of the LPA (Fourth Counterclaim), and breach of the Consulting Agreement (Fifth Counterclaim) are barred, in whole or in part, because any alleged nonperformance or breach of contract by ASHH or ASH-GH is incidental to the object of the contract(s) and/or not material.

## EIGHTEENTH DEFENSE
## (Release)

Defendants' counterclaims are barred, in whole or in part, by release, including contractual agreements containing release of claims.

29

## ADDITIONAL DEFENSES

By designating the aforementioned defenses, ASH-GH does not in any way waive or limit any defenses which are or may be raised by its denials and averments.  These defenses are pled in the alternative, and are raised to preserve the rights of ASH-GH to assert such defenses, and are without prejudice to ASH-GH's ability to raise other and further defenses.  ASH-GH reserves the right to add, alter, and/or amend its defenses as the course of discovery so requires.

## PRAYER FOR RELIEF

WHEREFORE, ASH-GH prays that the Court determine and adjudge:

(i)     that judgment be entered in favor of ASH-GH;

(ii)    that Defendants take nothing by their Counterclaims;

(iii)   that ASH-GH be awarded its costs, attorneys' fees and expenses incurred herein, pursuant to O.C.G.A. § 9-15-14; and

(iv)    that ASH-GH be awarded such other and further relief as the Court may deem necessary and proper.

Dated: September 2, 2022                    Respectfully submitted,

_/s/ Jacob A. Kramer_

**FAEGRE DRINKER BIDDLE & REATH LLP**

Jacob A. Kramer (admitted *pro hac vice*)
Jessica R. Maziarz (admitted *pro hac vice*)
Rachel A. Beck (admitted *pro hac vice*)
1500 K Street NW, Suite 1100
Washington, D.C. 20005
Telephone: (202) 230-5289
E-mail:  jake.kramer@faegredrinker.com
E-mail:  jessica.maziarz@faegredrinker.com
E-mail:  rachel.beck@faegredrinker.com

**FAEGRE DRINKER BIDDLE & REATH LLP**

David R. Merritt (admitted *pro hac vice*)
Drew M. Horwood (admitted *pro hac vice*)
2200 Wells Fargo Center, 90 South 7th Street
Minneapolis, Minnesota 55402
Telephone:  (612) 766-7000
E-mail:  david.merritt@faegredrinker.com
E-mail:  drew.horwood@faegredrinker.com

**BUCHANAN LAW FIRM, PC**

Jerry A. Buchanan (Ga. Bar No. 092200)
P.O. Box 2848
The Corporate Center, Suite 614
233 12th Street
Columbus, Georgia 31902
Telephone: (762) 208-6982
E-mail: jab@thebuchananlawfirm.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 2, 2022, I electronically filed the foregoing Answer and Affirmative Defenses to Defendants' Amended Counterclaims by ASH-Grayhawk, LLC with the Clerk of the Court using the CM/ECF system for filing and to thereby be served upon all registered participants identified in the Notice of Electronic Filing in this matter.

*/s/ Jacob A. Kramer*