```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

|  |  |
|---|---|
| **AMERICAN SOUTHERN HOMES HOLDINGS LLC et al.,** | * |
| Plaintiffs, | * CIVIL ACTION NO. |
| vs. | 4:21-cv-00095-CDL |
| **DAVID B ERICKSON et al,** | * |
| Defendants. | * |

**ORDER SETTING PRETRIAL CONFERENCE**

1.

A Rule 16 pretrial conference will be held at the United States District Court Courthouse, in **COLUMBUS, GEORGIA,** at **9:00am** on **August 10, 2023.** The court requires that counsel for each party (or each party unrepresented by counsel) attends the pretrial conference.

2.

This case shall be set down for trial in **COLUMBUS, GEORGIA** during the court's next regularly scheduled trial term which will begin on **September 11, 2023.**

3.

Lawyers (and parties not represented by counsel) who do not attend the pretrial conference will be bound by decisions made at the conference.

4.

(1) No later than **July 27, 2023,** copies of proposed trial exhibits of each party (including impeachment exhibits known to exist at the time) shall be delivered to all other parties. The parties, by agreement, may exchange exhibit lists, instead of the actual exhibits, if the number of exhibits is so voluminous that exchanging them would be unduly burdensome. All exhibits should be numerically marked prior to trial. <u>Please DO NOT use letters to identify your exhibits.</u> The courtroom deputy clerk will answer any questions regarding <u>enumeration</u> of exhibits and/or access to courtroom technology. Please refer to the court website http://www.gamd.uscourts.gov/technology for information regarding available courtroom technology and instructions on how to format and submit electronic evidence, specifically the instructions concerning the Jury Evidence Recording System (JERS). A sample of electronic files that comply with the JERS file naming system should be provided to the courtroom deputy at the pretrial conference and ALL electronic evidence files in the proper format should be provided to the courtroom deputy no later than the first day of trial. PLEASE NOTE: The parties are expected to schedule a courtroom technology session IN ADVANCE of the trial term (Mr. Gunn will conduct the sessions in Columbus and Ms. Sellers will conduct the session in Athens). Both paper copies and electronic versions of all admitted exhibits will go out with the jury during deliberations and the Court will take custody of each paper

exhibit AS IT IS ADMITTED INTO EVIDENCE.

5.

Any and all motions in limine shall be filed electronically with the court no later than **August 3, 2023**.  Participants at the pretrial conference should be prepared to discuss the merits of the motions at the pretrial conference.  No motions in limine may be filed after the pretrial conference absent a showing that the motions could not reasonably have been made at the pretrial conference.

The Court reminds the parties that the purpose of a motion in limine is to narrow and define the questions for trial by permitting the Court to make specific pre-trial rulings regarding the admissibility of evidence.  Motions in limine must be tailored to the issues pending in the case, addressing specific expected evidence or argument.  Generalized, vague, and overly broad motions in limine should not be filed.  Before filing any motions in limine, the attorneys should review and consider the concurring opinion in *Williams v. Harvey*, No. S20G1121, 2021 WL 1950896 (Ga. May 17, 2021) (Bethel, J., concurring).

6.

No later than **August 3, 2023,** all parties shall electronically file with the court a pleading containing a list of proposed voir dire questions for prospective jurors. PLEASE NOTE: Juror questionnaires will be made available electronically via CM/ECF at least one week prior to jury selection.

7.

No later than **August 3, 2023,** the parties shall electronically file with the court a pleading containing proposed jury instructions.  Each proposed request must be on a separate page, double spaced, and numbered for identification.

8.

No later than **July 27, 2023**, any party intending to introduce deposition testimony at trial shall e-file with the clerk, and serve upon opposing counsel, a notice including the name of the deponent and the date the deposition was taken.  If a party intends to introduce portions of a deposition, then the party's notice shall also include the page and line numbers of the deposition testimony.  If a party intends to introduce at trial an edited videotape deposition, this information shall be indicated on the notice and the party shall submit a copy of the videotaped deposition to opposing counsel no later than 14 days prior to the pretrial conference.

Prior to the date of the pretrial conference, any objections to deposition testimony shall be e-filed with the Clerk as a notice.  Any objections not filed by that date shall be waived.

Exhibit "B" to the joint proposed pretrial order shall include the same deposition designations and any counter-designations as are e-filed with the Clerk.

9.

Any depositions that any party intends to use at trial for any

4

purpose shall be filed electronically prior to the start of trial.  If a party intends to use a hard copy of a deposition at trial, that party shall make arrangements to have a copy available for use during the trial.  The clerk will not provide hard copies of electronically filed depositions.

10.

No later than **August 3, 2023,** the parties shall submit a single JOINT proposed pretrial order, **in substantially the same format as and covering all matters referred to in the form attached to this order**. This proposed order must be electronically transmitted to the Court via e-mail in Microsoft Word or WordPerfect format (not scanned) at **Columbus.ecf@gamd.uscourts.gov** for Columbus Division cases and to **Athens.ecf@gamd.uscourts.gov** for Athens Division cases. **DO NOT ELECTRONICALLY FILE THIS PROPOSED PRETRIAL ORDER – IT MUST BE E-MAILED TO ONE OF THE ADDRESSES ABOVE.  ONLY ONE JOINT PROPOSED PRETRIAL ORDER SHALL BE SENT TO THE COURT.  IF DISAGREEMENTS EXIST REGARDING THE PROPOSED ORDER, THE PARTIES SHALL STATE THOSE DIFFERENCES, AND SPECIFY THEIR RESPECTIVE POSITIONS, IN THE SINGLE JOINT PROPOSED PRETRIAL ORDER E-MAILED TO THE COURT.  THE COURT EXPECTS THE JOINT PROPOSED PRETRIAL ORDER TO BE COMPLETE, AND THEREFORE, NO PROPOSED AMENDMENTS SHOULD BE SENT TO THE COURT AFTER THE JOINT PROPOSED PRETRIAL ORDER IS SENT TO THE COURT.  IF ANY AMENDMENTS ARE DEEMED NECESSARY BY THE PARTIES, THE PARTIES SHOULD SUBMIT A HARD COPY OF THE JOINT PROPOSED AMENDED PRETRIAL ORDER AT THE PRETRIAL CONFERENCE.  ANY PROPOSED AMENDMENTS WILL BE**

**CAREFULLY SCRUTINIZED BY THE COURT.**

At the pretrial conference <u>each party shall</u>:

(a) Make any objections as to the authenticity of the exhibits of the other parties. The parties should also make any objections to any exhibits that the parties contend were not properly disclosed during discovery. Any authenticity or disclosure objections not made at pretrial shall be deemed waived. Unless specifically addressed at the pretrial conference, the Court will reserve ruling on any other objections to the exhibits.

(b) Make any objections to witnesses listed in the proposed pretrial order. Any objections not made at the pretrial conference shall be deemed waived. Witnesses not identified in the proposed pretrial order shall not be allowed at trial unless otherwise ordered by the Court or unless the witness could not have reasonably been identified prior to the pretrial conference.

(c) Make any objections to depositions listed in the proposed pretrial order which a party has indicated it intends to introduce in lieu of live testimony. These objections shall be in writing and should be e-filed with the Clerk prior to the date of the pretrial conference. Any objections not made at the pretrial conference shall be deemed waived. Any deposition not identified in the proposed pretrial order, and not filed with the clerk prior to trial, shall not be used at trial in lieu of live testimony absent a demonstration that the deposition could not reasonably have been

identified at the pretrial conference.  The Court does not require that the parties list depositions that it intends to use only for impeachment purposes during the cross-examination of a witness.  However, any deposition to be used at trial must be e-filed prior to trial.

    (d)  Present to the court all pending motions or other matters which require a ruling or other action by the Court.  Any pending motions not so identified shall be deemed abandoned by the movant.

**SO ORDERED,** this July 7, 2023.

                                            s/Clay D. Land
                                            CLAY D. LAND
                                            U.S. DISTRICT COURT JUDGE
                                            MIDDLE DISTRICT OF GEORGIA