**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**Columbus Division**

AMERICAN SOUTHERN HOMES HOLDINGS, LLC and ASH-GRAYHAWK, LLC,

Plaintiffs,

v.

DAVID B. ERICKSON, GH LOT HOLDINGS, INC., GH LOT HOLDINGS OF ATLANTA CORPORATION F/K/A GRAYHAWK HOMES OF ATLANTA, INC., GH LOT HOLDINGS OF SOUTH CAROLINA, INC., F/K/A GRAYHAWK HOMES OF SOUTH CAROLINA, INC., TIGER CREEK DEVELOPMENT, INC., CUSSETA ROAD, LLC, SAGE DEVELOPMENT, INC., ERICKSON INVESTMENTS, INC., WINDSONG BONACRE, LLC, GREY ROCK DEVELOPMENT, LLC, and CARROLLTON DEVELOPMENT, LLC,

Defendants.

**Case No. 4:21-cv-00095-CDL**

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE "SETTLEMENT COMMUNICATIONS"**

Defendants oppose Plaintiffs' Motion in Limine to Exclude "Settlement Communications" (Dkt. No. 222). The Court should deny Plaintiffs' request to exclude this evidence for several reasons. First, the "Spring 2021 Correspondence" will be used for "another purpose" and, as plaintiffs admit, redaction of the documents would eliminate any potential substantially unfair prejudice. Second, the "Post-PI Takedown Communications" also will be used for "another purpose," namely to show ASH-GH's failure to mitigate, which the Eleventh Circuit has affirmed to be proper. Third, any potential substantially unfair prejudice can be

cured, again, by both redactions and/or curative instructions. Fourth, Plaintiffs have not only waived any potential Rule 408 protection by injecting compromise issues into the litigation, they also improperly seek to use the evidence as both a sword and a shield, which should not be allowed. To streamline this discussion, Defendants do not include a factual background section, but rather incorporate any relevant facts directly into the argument below.

**ARGUMENT**

Plaintiffs ask the Court to preclude Defendants' use of over 40 documents at trial that fall into two categories that Plaintiffs identify as (1) Spring 2021 Correspondence and Draft Term Sheets and (2) Post-PI Takedown Communications. Defendants address each category in turn.

**A. "Spring 2021 Correspondence" will be used for "another purpose"**

Plaintiffs acknowledge that Rule 408's bar on compromise materials excepts evidence admitted "for another purpose." Mot. at 9 (recognizing the "another[-]purpose" exception under Rule 408). *See also Alexander v. United States*, No. 21-13720, 2022 WL 17688692, at *6 (11th Cir. Dec. 15, 2022) (same).[1] Plaintiffs' Motion identifies one such purpose as "negating a contention of undue delay." Mot. at 10 (citing authority). This purpose applies to the Spring 2021 Correspondence.

As Plaintiffs concede, both parties' "summary judgment briefs each referenced certain of the draft term sheets as evidence that the other side had delayed, hindered, or failed to participate in efforts to reach agreement" on disputed contractual issues. Mot. at 10-11. Plaintiffs further admit that "[u]se of the draft term sheets for this limited purpose *would comport with Rule*

---

[1] Plaintiffs' argument that each draft term sheet (in the Spring 2021 Correspondence) is labeled "For Settlement Purposes Only[,]" "Subject to FRE 408[,]" or some variation is not dispositive when the evidence is being introduced for "another purpose" that is excepted under Rule 408. *See, e.g.*, *Knox v. Cessna Aircraft Co.*, No. CIV A 405CV-131 HL, 2007 WL 2874228, at *9 (M.D. Ga. Sept. 26, 2007) (reasoning in dicta that although letter stated it was "made for the purposes of furthering discussions regarding settlements of disputed claims and issues and should be treated accordingly," admission of the document for "purposes not prohibited" by Rule 408 nevertheless would be permissible).

*408(b)*, and any risk of prejudice could be remedied by introducing redacted version of the draft term sheets showing only the Parties' negotiations." *Id.* at 11 (emphasis added). Defendants agree that redaction of information would address any concerns about a potential Rule 408 issue. Defendants therefore will collaborate with Plaintiffs to prepare such redactions in advance of trial to remove information regarding the validity or amount of either parties' claims. Accordingly, there is not a live dispute about this category of documents.

**B. "Post-PI Takedown Communications" will be used for "another purpose"**

Plaintiffs also move to exclude the "Post-PI Takedown Communications" under Rule 408. However, as an initial matter, Plaintiffs assume without actually contending that the Post-PI Takedown Communications are in fact settlement communications under the auspices of "avoiding further injunctions." Mot. at 4. Unlike the Spring 2021 Correspondence category of evidence, the Post-PI Takedown Communications have no labeling to suggest settlement purposes, but instead discuss the parties' attempts to comply with and/or mitigate various aspects of their relevant contractual obligations. Indeed, much of this correspondence does not mention settlement of asserted claims at all. It is also telling that while Plaintiffs' Motion labels the first category "Spring 2021 *Settlement* Correspondence," (*e.g.*, Mot. at 1, 9 (emphasis added)), it does not add the "settlement" descriptor to the "Post-PI Takedown Communications." *Id.*

Regardless of whether this evidence qualifies as compromise evidence, Defendants also seek to use these materials for "another purpose," namely the mitigation of damages, thus excepting it from Rule 408. Plaintiffs argue that "[c]ourts in this Circuit have held that compromise evidence concerning the mitigation of damages does not meet the 'another[-]purpose' exception and is barred by Rule 408." Mot. at 9 (citing cases). Indeed, Plaintiffs even suggest there is a "circuit split" concerning the mitigation evidence issue on

which the Eleventh Circuit has been silent. *Id.* While this may have been true 15 years ago, it no longer remains so.

Specifically, in 2009 the Eleventh Circuit affirmed the admission of "a redacted version of [a] settlement agreement" that the trial court held "was 'admissible for . . . limited purposes" one of which included "showing . . . *mitigation of damages*." *Barker v. Niles Bolton Assocs., Inc.*, 316 F. App'x 933, 936 (11th Cir. 2009) (emphasis added). The Eleventh Circuit reasoned that "the redacted settlement agreement was not offered to prove liability for or invalidity of the claims . . . , but rather to show the measure of damages." *Id.* at 937. Further, "the settlement agreement was not offered to show the amount of the claim" because "[t]he amount of monetary consideration was redacted" and "there were no dollar amounts given for the cost of the modifications" at issue in the case. *Id.* Consequently, "the redacted settlement agreement did not provide evidence as to how much . . . [the] claim was worth." *Id.* It is true that a judge of this Court properly observed in 2007 (in dicta) that there was at the time a "a split of authority as to whether evidence used to prove mitigation of damages is a purpose not prohibited by Rule 408." *Knox v. Cessna Aircraft Co.*, No. CIV A 405CV-131 HL, 2007 WL 2874228, at *10 (M.D. Ga. Sept. 26, 2007). But the Eleventh Circuit resolved the issue two years later with *Barker*. Plaintiffs' smattering of four district court and out-of-circuit cases therefore are not persuasive on this issue.[2] Mot. at 9. *Barker* controls, and the materials should not be excluded under Rule 408.

[2] Other courts also have allowed such mitigation evidence. *Bhandari v. First Nat. Bank of Commerce*, 808 F.2d 1082, 1103 (5th Cir. 1987), on reh'g, 829 F.2d 1343 (5th Cir. 1987), cert. granted, judgment vacated, 492 U.S. 901, 109 S. Ct. 3207, 106 L. Ed. 2d 558 (1989) and opinion reinstated, 887 F.2d 609 (5th Cir. 1989) (evidence of settlement negotiations was admissible to prove the plaintiff's failure to mitigate damages); *Urico v. Parnell Oil Co.*, 708 F.2d 852, 855 (1st Cir. 1983) (evidence of settlement negotiations was admissible to show that defendant's insurer had interfered with efforts of plaintiff to mitigate damages).

**C. Plaintiffs do not show substantial unfair prejudice under Rule 403**

Additionally, Plaintiffs have not shown under Rule 403 that the probative value of the "Post-PI Takedown Communications" is substantially outweighed by the risk of unfair prejudice. The Eleventh Circuit instructs that "Rule 403 is an extraordinary remedy that should be used only sparingly since it permits the trial court to exclude concededly probative evidence." *United States v. Chandler*, 996 F.2d 1073, 1101 (11th Cir. 1993). Consequently, this Court's discretion to exclude evidence under Rule 403 as "unduly prejudicial" is narrowly circumscribed. *United States v. Allums*, 142 Fed. App'x 404, 405 (11th Cir. 2005) (per curiam). In this vein the Eleventh Circuit mandates that trial "[c]ourts should strike the balance in favor of admissibility, and look at the evidence in a light most favorable to admission, maximizing its probative value and minimizing its undue prejudicial impact." *Sowers v. R.J. Reynolds Tobacco Co.*, 975 F.3d 1112, 1122 (11th Cir. 2020) (internal quotation marks omitted). The Eleventh Circuit's limitations on excluding evidence under Rule 403 applies equally to evidence that is admissible for "another purpose" under Rule 408. *See Alexander*, 2022 WL 17688692, at *6 (affirming admittance of compromise evidence used for "another purpose" when party developed "no supporting argument for her assertion that the evidence should have been excluded under Rule 403 as substantially more prejudicial than probative"). *See also Barker*, 316 F. App'x at 937 (noting that "admission of the redacted settlement" that was used to show damages mitigation was "not unduly prejudicial.")

**Probative value is high.** The probative value of this evidence is high, given that it goes to the heart of the parties' mitigation efforts and must be viewed in a light most favorable to Defendants for admission. Plaintiffs attack the evidence's probative value by arguing that Plaintiffs had no duty to mitigate after Defendants' alleged breaches of the LPA. *See* Mot. at

13-14. Plaintiffs unpersuasively cite several non-Georgia and out-of-circuit cases in support of this argument that do not control the analysis. *Id.* The only case Plaintiffs cite that applies Georgia law is *Gen. Elec. Cap. Corp. v. Nucor Drilling, Inc.* ("*Nucor*"), 551 F. Supp. 2d 1375, 1381 (M.D. Ga. 2008), and this case does not help Plaintiffs' argument.

As an initial matter, *Nucor* did not address a motion in limine. Rather, it refused to grant summary judgment when genuine issues of material fact existed regarding whether the plaintiff "reasonably mitigated its damages." *Id.* Additionally, *Nucor* recognized that "[w]here by a breach of contract a party is injured, he is bound to lessen the damages as far as is practicable by the use of ordinary care and diligence." *Id.* (citing O.C.G.A. § 13–6–5; *Central Nat. Ins. Co. v. Dixon*, 188 Ga. App. 680, 682 (1988)). It explained that "as a general rule, a party injured by a breach of contract has a duty to mitigate its damages." 551 F. Supp. 2d at 1381 (*citing Boone v. Atlanta Indep. Sch. Sys.*, 275 Ga. App. 131, 135 (2005)). Thus, "the duty to mitigate is applicable only where the damages can be lessened by reasonable efforts and expense." 551 F. Supp. 2d at 1381. Finally, *Nucor* explains that "Georgia courts have recognized three exceptions to this duty to mitigate in breach of contract actions: (1) fraud; (2) breach of an express warranty; and (3) an 'absolute promise to pay.'" *Id.* Here, it is the province of the jury to determine whether mitigation was possible by "reasonable efforts and expense," as should be evident by, among other things, both parties submitting jury instructions regarding contract damages mitigation. Nor have Plaintiffs alleged that any of the three breach of contract mitigation exceptions identified in *Nucor* apply here. In short, *Nucor* does not as a matter of law absolve Plaintiffs of any mitigation efforts, and their attempt to lessen the probative value of this evidence falls flat.

**Unfair prejudice, if any at all, is not sufficiently substantial.** Plaintiffs offer only one out-of-circuit case, *Stockman v. Oakcrest Dental Ctr*., P.C., 480 F.3d 791, 799 (6th Cir. 2007), for the basic proposition that Rule 403 can apply to otherwise probative evidence based on substantial unfair prejudice. Mot. at 14. But in *Stockton* the evidence admittedly was "irrelevant to all issues of mitigation." *Stockman*, 480 F.3d at 799 (6th Cir. 2007). Such is not the case here. Moreover, Plaintiffs fail to acknowledge that to the extent the documents at issue identify the "validity or amount" of either Parties' claims, they can be redacted. Redaction was employed with approval by the Eleventh Circuit in *Baker* to avoid prejudice, and redaction was precisely what Plaintiffs proposed with the "Spring 2021 Correspondence." 316 F. App'x at 937. Redaction for the Post-PI Takedown Communications likewise will avoid any hypothetical prejudice. So even if Plaintiffs were correct that this evidence is "inherently prejudicial," it is not substantially prejudicial to the extent necessary for Rule 403 exclusion.

As a belt-and-suspenders approach, the Court also can instruct the jury on the documents' proper consideration. *See Flint Hills Res. LP v. Lovegreen Turbine Servs., Inc.*, No. CIV. 04-4699 JRT/FLN, 2008 WL 4527816, at *6 (D. Minn. Sept. 29, 2008) (stating that compromise documents can "be "carefully presented to avoid the prohibited purposes articulated in Rule 408" with "curative instructions" to the jury). Defendants will prepare such a jury instruction, share it with Plaintiffs, and can address it with the Court at the charge conference. In short, Plaintiffs' claim of prejudice is not a real concern, and certainly is not sufficiently substantial to justify exclusion under Rule 403.

**D. Plaintiffs waived Rule 408 protection and used the evidence as both a sword and shield**

Plaintiffs' arguments also should be denied because any potential Rule 408 protection has been waived by injection into the case. Not only have Plaintiffs waived such protection by

injection, they also seek to use the evidence as both a sword and a shield.

There is no disagreement that Rule 408's protections can be waived. For example, one court in this Circuit stated that "even if Rule 408 . . . might have otherwise precluded admissibility of the [compromise] evidence, [the party] waived such protection; [the party] cannot simultaneously employ the [compromise evidence] as a sword and a shield." *S & S Diesel Marine Servs., Inc. v. M/V F-TROOP*, No. 11-60020-CIV, 2011 WL 1899402, at *10 (S.D. Fla. May 18, 2011).[3] Indeed, use of evidence as both a sword and a shield is generally improper. *Cf. Speaker v. U.S. Dep't of Health & Hum. Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) ("The CDC cannot employ its exhibits as both a sword and a shield.").

Here, the Court should find that Plaintiffs have waived any Rule 408 protections for the evidence at issue. As the Court is aware, Plaintiffs have previously injected the parties' compromise discussions into the litigation. Plaintiffs used the evidence as a sword in pursuing their attempts to secure preliminary injunctions against Defendants. Such evidence also figured prominently into Plaintiffs' Motion for Summary Judgment, and thus embody facts and evidence that Plaintiffs themselves identified as "material" to the case. *See, e.g.*, Plfs.' Statement of Undisputed Material Facts (Dkt. No. 171-2) ¶¶ 44-50 (identifying a substantial amount of emails,

[3] Other courts also have found Rule 408 waiver upon injection of the evidence into the litigation. *United States for Use & Benefit of Penn Air Control Inc. v. Bilbro Constr. Co., Inc.*, No. 16-CV-003-WQH-NLS, 2019 WL 4316817, at *7 (S.D. Cal. Sept. 12, 2019) ("Bilbro waived its Rule 408 objection to the introduction of the Penn Air settlement by introducing the evidence of the Penn Air settlement at trial to the jury."); *Stainton v. Tarantino*, 637 F. Supp. 1051, 1082 (E.D. Pa. 1986) (plaintiffs waived right to object to testimony regarding a settlement conversation after introducing notes from the conversation into evidence); *Eisenberg v. Univ. of N.M.*, 936 F.2d 1131, 1134 (10th Cir. 1991) ("Ms. Torres offered the affidavit to the court, as factfinder, in support of her allegations of impropriety on the part of the law clerk ... We conclude that Ms. Torres waived any claim to Rule 408 protection by her own submission of the affidavit to the court."); *A.A.B. Joint Venture v. United States*, 77 Fed. Cl. 702, 706 (2007) ("The law is clear that a party offering evidence 'opens the door' and waives its right to object to the entry of that evidence. The immediate effect of introducing evidence is the loss of the right to exclude the evidence or to claim that admitting the evidence was other than harmless error." (citing *United States v. Washington*, 434 F.3d 7, 11 (1st Cir. 2006)).

deposition testimony, letters, and other evidence). But now Plaintiffs inconsistently attempt to shield themselves from Defendants' use of the evidence when such evidence does not suit their purpose.[4] Such inconsistent use should not be allowed, and any potential protection offered by Rule 408 has been waived.

**CONCLUSION**

For the reasons above, the Court should deny Plaintiffs' Motion in Limine (Dkt. No. 222).

Respectfully submitted this 13th day of August, 2023.

s/ Robert T. Quackenboss

ROBERT R. LOMAX, LLC

Robert R. Lomax
Georgia Bar # 456239
Post Office Box 2339
Columbus, Georgia 31902
706-322-0100
rlomax@thelomaxfirm.com

*Counsel for Defendants*

HUNTON ANDREWS KURTH LLP

Robert T. Quackenboss
Georgia Bar No. 590560
rquackenboss@HuntonAK.com
2200 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 955-1950
Facsimile: (202) 778-2201

Robert T. Dumbacher
Georgia Bar No. 594903
rdumbacher@HuntonAK.com
Bank of America Plaza, Suite 4100
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
Telephone: (404) 888-4000
Facsimile: (404) 888-4190

Johnathon E. Schronce
(admitted *pro hac vice*)
jschronce@huntonAK.com

[4] Plaintiffs also self-servingly draw the line about "compromise communications" only at the specific point in the chronology that serves them. Mr. Ryan Twiss's so-called "proposal" regarding Order of Development from March 2021, was every bit as much a settlement document as the documents that Plaintiffs seek to exclude here. Mr, Twiss sent the document after the parties had each accused one another of default over the issue.

Michael R. Shebelskie
(admitted *pro hac vice*)
mshebelskie@huntonAK.com
Kevin S. Elliker
(admitted *pro hac vice*)
kelliker@huntonAK.com
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

This 13th day of August, 2023.

s/ Robert T. Quackenboss
Robert T. Quackenboss
Georgia Bar No. 590560