```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

| | | |
|---|---|---|
| AMERICAN SOUTHERN HOMES HOLDINGS, LLC and ASH-GRAYHAWK, LLC, | * * | |
| Plaintiffs, | * | |
| vs. | * | CASE NO. 4:21-CV-95 (CDL) |
| DAVID B. ERICKSON, *et al.*, | * | |
| Defendants. | * | |

## O R D E R

Presently pending before the Court is Defendants' Motion for Withdrawal or Cancellation of Lis Pendens. As discussed below, the Court denies the motion (ECF No. 394).

### BACKGROUND

Plaintiffs American Southern Homes Holdings, LLC and ASH-Grayhawk, LLC (collectively, "ASH") purchased Defendant David B. Erickson's Columbus, Georgia-based home development business. As part of the deal, Erickson and some entities he controlled ("Defendants") entered a Land Purchase Agreement with ASH and agreed to sell ASH fully developed and finished lots in Georgia and Alabama for ASH's home-building business. The relationship between ASH and Erickson unraveled, and Defendants stopped delivering lots to ASH. ASH brought this action, which included a claim against Defendants for breach of the Land Purchase

Agreement. After initiating this action, ASH filed notices of lis pendens for several large parcels of land in Georgia and Alabama owned by Defendants, which included approximately 1,000 potential home lots. Those notices were recorded in the Georgia and Alabama counties where the properties were located, and they state that ASH brought an action seeking specific performance of the Land Purchase Agreement and that the pending action directly involved interests in the real properties described in the notices. Notices of Lis Pendens (ECF Nos. 23, 24, 25, 29). ASH later partially released some of the properties described in the lis pendens. Notices of Cancellation (ECF Nos. 39, 51, 169).

For most of this litigation, ASH sought specific performance of the Land Purchase Agreement while also pursuing an alternative damages theory on their breach of contract claim. Shortly before trial, the Court ruled that ASH must elect one remedy to pursue at trial because it could not obtain both specific performance of the Land Purchase Agreement and lost future profits for breach of the Land Purchase Agreement. After pursuing specific performance for more than two years, ASH stated its intent to terminate the Land Purchase Agreement and pursue at trial lost past and future profits for breach of that agreement. Defendants then argued that ASH had waived its right to seek damages by waiting too long to announce its intention to terminate the agreement. The Court concluded that the remedy of specific performance of the contract was

2

inconsistent with the recovery of lost profits on the sale of future lots that were the subject of the contract sought to be performed. Although Plaintiffs could not obtain both remedies, the Court recognized that if the jury found that ASH unduly delayed in electing to terminate the contract and thus could not recover lost future profits, it may be appropriate to authorize specific performance as a matter of equity. Trial Tr. 1040:11-1041:6, ECF No. 347.

At the close of evidence, ASH moved for judgment as a matter of law on its claim for breach of the Land Purchase Agreement (and on Defendants' affirmative defense that ASH prevented Defendants from performing). The Court deferred ruling on the motion subject to the jury's verdict. The jury returned a verdict that made the specific finding that Defendants breached the Land Purchase Agreement but that ASH prevented Defendants from performing their obligations under the Land Purchase Agreement. Based upon this finding, the Court held that ASH was not entitled to any damages. The Court thus entered final judgment in favor of Defendants and against ASH on ASH's claim for breach of the Land Purchase Agreement. The Court later denied ASH's renewed motion for judgment as a matter of law and for a new trial. ASH appealed, arguing that the Court erred in denying ASH's motion for judgment as a matter of law on the claim for breach of the Land Purchase Agreement, that the Court erred in concluding that ASH must elect

3

a remedy before trial, and that the Court erred in not awarding specific performance under the Land Purchase Agreement based on the evidence adduced at trial.

## DISCUSSION

Defendants argue that the Court should order ASH to cancel the remaining lis pendens notices, notwithstanding that this litigation has not yet ended in light of the pending appeal.[1]  "The phrase 'lis pendens' means, literally, pending suit." *Vance v. Lomas Mortg. USA, Inc.*, 426 S.E.2d 873, 875 (Ga. 1993) (quoting Black's Law Dictionary (Rev. 4th ed. 1968)).  The "purpose of a lis pendens is to notify prospective purchasers that the real property in question is directly involved in a pending suit over title or an interest," such as a contract right, "which seeks some relief respecting such alleged interest in such realty." *Hutson v. Young*, 564 S.E.2d 780, 782 (Ga. Ct. App. 2002); *accord Ex parte Musa Props., LLC*, No. SC-2022-1061, 2023 WL 3559475, at *7 (Ala. May 19, 2023).  In Georgia, the party who filed the lis pendens "shall file a release of the lis pendens" when "a final judgment is entered" in the action over the interest in the property.

---

[1] ASH argues that the Court has already decided that Defendants are not entitled to cancellation of the notices of lis pendens and that Defendants' present motion is an untimely motion for reconsideration. This argument misstates the Court's prior order, which explained that a Rule 59(e) motion was not the appropriate mechanism for addressing the lis pendens issue and that the Court offered "no opinion as to whether other available remedies exist[ed] for removal of the lis pendens." Order 6 n.1 (Jan. 11, 2024), ECF No. 388.  Obviously, the Court left open the possibility that Defendants could challenge the lis pendens.

4

O.C.G.A. § 44-14-612. In Alabama, when the action about which the lis pendens gave notice is "terminated," the Court "may direct" the custodian of the lis pendens (the probate judge) to make an entry giving "notice of the result of the action." Ala. Code § 35-4-136.

Both Georgia and Alabama courts recognize that while a lis pendens may not last forever, it needs to last long enough to provide notice to a bona fide purchaser who might purchase the property during the pendency of an action. Thus, both Georgia and Alabama courts have concluded that a lis pendens may remain in effect until the litigation involving the property "is terminated by judgment and the expiration of any appropriate period for appeal, or appellate determination, if an appeal is taken." *Ex parte Musa Props.*, 2023 WL 3559475, at *9 (quoting *Walden v. Hutchinson*, 987 So. 2d 1109, 1121 (Ala. 2007)) (finding that an Alabama circuit court erred in expunging a lis pendens notice after entering an interlocutory summary judgment order disposing of a specific performance claim but before appellate review of that decision); *accord Petroleum Realty II, LLC v. Morris, Manning & Martin, LLP*, 728 S.E.2d 896, 898 (Ga. Ct. App. 2012) (citing *Vance*, 426 S.E.2d at 875).[2] An important caveat to this rule is that if

---

[2] The current version of O.C.G.A. § 44-14-612, which became effective on July 1, 2023, requires under Georgia law a "release" of a lis pendens upon final judgment. The prior version of the statute stated that when final judgment was entered, it must be indicated on the face of the lis pendens. The Georgia courts interpreting this prior version of the law

5

an action no longer "involves" the property and merely seeks money damages, then a lis pendens may not be based on that action. So, a lis pendens may be canceled if it was based on a claim for specific performance that has been dismissed, but not if the claim for specific performance remains pending. *Ex parte Musa Properties, LLC*, 2023 WL 3559475, at *8 n.2; *LHNH Perimeter, LLC v. ACV Chamblee, LLC*, 894 S.E.2d 48, 50 (Ga. Ct. App. 2023).

Here, Defendants argue that because ASH elected to pursue damages instead of specific performance and because ASH's CEO testified at trial that ASH was "no longer seeking to force Mr. Erickson to work with ASH over a long period of time," Trial Tr. 574:24-575:6, ECF No. 345, ASH unequivocally abandoned its claim for specific performance and the action no longer "involves" the properties subject to the lis pendens notices. But ASH did not unequivocally abandon its claim for specific performance. Rather, ASH argues on appeal that several of this Court's rulings on the specific performance issue were wrong and that if the Court of Appeals remands this action for a new trial, ASH may still be entitled to pursue a specific performance remedy. The Court is thus not convinced that the action no longer "involves" the

---

suggested that lis pendens notices could remain in effect until the appeal of the final judgment was resolved. *See, e.g., Petroleum Realty II, LLC*, 728 S.E.2d at 898 (Ga. Ct. App. 2012) (citing *Vance*, 426 S.E.2d at 875). The Court does not interpret the amendment to the statute to alter this principle.

properties subject to the lis pendens notices. Accordingly, the Motion for Withdrawal or Cancellation of Lis Pendens is denied.

Defendants argue that if the Court declines to require ASH to cancel the lis pendens notices, then the Court should require ASH to post a bond of at least $6.49 million to secure Defendants against the cost of holding the lots while the appeal is pending. Even if there were enough evidence to convince the Court that the suggested bond amount was appropriate (which there is not), Defendants did not point to any authority that a bond is required to maintain a lis pendens notice under Georgia or Alabama law, and the Court found no such authority. Defendants rely upon Federal Rule of Civil Procedure 62(b), which requires a bond or other security to stay execution on a judgment and proceedings to enforce it.[3] Here, the Court entered judgment in favor of Defendants and against ASH on ASH's claim for breach of the Land Purchase Agreement, but the judgment did not include a requirement for ASH to withdraw the lis pendens notices. Because Georgia and Alabama permit a lis pendens notice to remain in effect pending resolution of an appeal where the action still involves the property subject to the notice and in the absence of any clear authority that the imposition of a bond is authorized under state or federal law, the

---

[3] Defendants did not argue or point to authority that Rule 62(d), which permits a district court to set terms for security in the event of an appeal from an order or judgment refusing to dissolve an injunction, creates a bond requirement under Georgia or Alabama law under the circumstances presented here.

7

Court declines to impose such a requirement under the circumstances here.

## CONCLUSION

For the reasons set forth above, the Court denies Defendants' Motion for Withdrawal or Cancellation of Lis Pendens (ECF No. 394).

IT IS SO ORDERED, this 6th day of May, 2024.

                                         s/Clay D. Land
                                         CLAY D. LAND
                                         U.S. DISTRICT COURT JUDGE
                                         MIDDLE DISTRICT OF GEORGIA